JS 44 - CAND (Rev. 11/04)

**CIVIL COVER SHEET**     BZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

JERI REDMAN, individually and as successor-in-interest to RONALD REDMAN, deceased, et al.

**DEFENDANTS**

A.W. CHESTERTON COMPANY, et al.     ADR

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DEAN HANLEY, PAUL & HANLEY, 1608 Fourth Street, # 300, Berkeley, CA  94710

ATTORNEYS (IF KNOWN)

WHITNEY A. DAVIS, CHARTER DAVIS LLP, 1730 I STREET, STE. 240, SACRAMENTO, CA 95814  916-448-9000

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF (For diversity cases only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☑2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☑5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ Original Proceeding
- ☑ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transfered from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☑ 368 Asbestos Personal | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans (Excl | ☐ 340 Marine | ☐ 370 Other Fraud | Safety/Health | | ☐ 490 Cable/Satellite TV |
| Veterans) | ☐ 345 Marine Product | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 380 Other Personal | **LABOR** | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | Property Damage | | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt Reporting & | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization |
| | | | ☐ 740 Railway Labor Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl.Ret. Inc. Security | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | Act | ☐ 870 Taxes (US Plaintiff or | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence Habeas Corpus: | | Defendant | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | ☐ 871 IRS - Third Party | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination Under |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State |
| | ☐ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | | Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC Section 1442 - ASBESTOS-RELATED LITIGATION

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION     DEMAND $_____  ☐ CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23     JURY DEMAND: ☑ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**     PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)     ☑ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE  6/17/08     SIGNATURE OF ATTORNEY OF RECORD

BY FAX

1 | WHITNEY A. DAVIS, SBN 149523
MARIA S. ROSENFELD, SBN 186116
2 | **CHARTER DAVIS, LLP**
Attorneys at Law
3 | 1730 I Street, Suite 240
Sacramento, CA 95814
4 | Telephone:    (916) 448-9000
Facsimile:    (916) 448-9009
5 |
Attorneys for Defendant VIAD CORP,
6 | individually and as alleged successor-in-interest to
GRISCOM-RUSSELL COMPANY and as alleged E-filing
7 | successor-in-interest to DIAL CORPORATION

8 |                                                                                      **BZ**

9 |                          **UNITED STATES DISTRICT COURT**

10 |                          **NORTHERN DISTRICT OF CALIFORNIA**

11 | JERI REDMAN, individually and as        CV Federal Case No.     **3013**
successor-in-interest to RONALD
12 | REDMAN, deceased; and JERI REDMAN,      San Francisco County Superior Court
AMY REDMAN, DAVID C. REDMAN,             Case No. CGC-08-274617
13 | MARK REDMAN and PAUL REDMAN,
as legal heirs of RONALD REDMAN,
14 | deceased                                **NOTICE OF REMOVAL OF ACTION**
                                         **PURSUANT TO 28 U.S.C. SECTIONS**
15 |              Plaintiffs,               **1442(a)(1) AND 1446(a)**

16 |      v.

17 | A.W. CHESTERTON COMPANY et. al.         **BY FAX**

18 |
              Defendants.
19 |

20 |      **TO THE CLERK OF THE ABOVE-REFERENCED COURT:**

21 |      **PLEASE TAKE NOTICE** that Defendant, VIAD CORP, individually and as alleged

22 | successor-in-interest to Griscom-Russell/Dial Corporation (hereinafter "VIAD"), hereby

23 | removes to this Court the state court action described below, pursuant to 28 U.S.C. sections

24 | 1442(a)(1) and 1446(a).

25 |      **PRELIMINARY MATTERS**

26 |      1.      On April 16, 2008, Plaintiff JERI REDMAN, individually and as successor-in-

27 | interest to RONALD REDMAN, deceased; and AMY REDMAN, DAVID C. REDMAN,

28 | MARK REDMAN and PAUL REDMAN, as legal heirs of RONALD REDMAN, deceased ,

1 || filed this lawsuit ("Complaint") in the Superior Court of the State of California, County of

2 || San Francisco, Case No. CGC-08-274617, and entitled *JERI REDMAN, et. al. vs. A.W.*

3 || *CHESTERTON et. al.*. A true and correct copy of the Complaint is attached hereto as Exhibit

4 || "A."

5    2.    Defendant VIAD CORP ("VIAD") first received the Complaint on May 23,

6 || 2008, with a Summons reflecting that service of process took place by process server on

7 || VIAD's authorized agent on May 23, 2008. A true and correct copy of the Summons is

8 || attached hereto included in Exhibit "B".

9    3.    This Notice of Removal is timely in that it is filed within 30 days of service of

10 || the Complaint.

11

12                        **NATURE OF THE CASE**

13    4.    This case is based upon decedent RONALD REDMAN developing an asbestos-

14 || related disease, specifically mesothelioma, caused by his alleged exposure to asbestos dust and/or

15 || fibers.

16    5.    Plaintiffs' pled claims include failure to warn based negligence/survival, loss of

17 || consortium, intentional tort/survival, wrongful death, wrongful death-negligence, wrongful death-

18 || strict liability, as against VIAD, individually, and as alleged successor-in-interest to GRISCOM-

19 || RUSSELL COMPANY/DIAL CORPORATION.

20                          **CONCLUSION**

21    6.    Removal of this action is proper under 28 U.S.C. §1442, because it is a civil action

22 || brought in a state court, and the federal district courts have original jurisdiction over the subject

23 || matter pursuant to 28 U.S.C. §1442(a)(l) because VIAD, as the alleged successors-in-interest to

24 || GRISCOM RUSSELL/DIAL CORPORATION, was acting under an officer or agency of the

25 || United States government, namely the United States Navy.

26

27

28

                                    2

1    THEREFORE, VIAD, pursuant to these statutes and in conformance with the

2    requirements set forth in 28 U.S.C. §1446, remove this action for trial from the Superior Court

3    of the State of California for the County of San Francisco.

4

5    Dated: June 17, 2008                    **CHARTER DAVIS, LLP**

6

7                                            By:  _____
                                                  Whitney A. Davis
8                                                 Attorneys for Viad Corp individually and as
                                                  alleged successor-in-interest to Griscom-Russell
9                                                 Company and Dial Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          3

# EXHIBIT A

1  Dean A. Hanley, Esq. (State Bar No. 169507)
   Carlos J.E. Guzman, Esq. (State Bar No. 219185)
2  PAUL & HANLEY LLP
   1608 Fourth Street, Suite 300
3  Berkeley, California 94710
   Telephone: (510) 559-9980
4  Facsimile: CASE MANAGEMENT CONFERENCE SET

5  Attorneys for Plaintiffs
   APR 1 5 2009

6

7                    DEPARTMENT 206

**ENDORSED**
Superior Court of California
County of San Francisco

APR 16 2008

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
                    Deputy Clerk

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8        COUNTY OF SAN FRANCISCO – COURT OF UNLIMITED JURISDICTION

9

10  JERI REDMAN, individually and as successor-in-     )   Case No. C C - 0 8 - 2 7 4 6 1 7
    interest to RONALD REDMAN, deceased; and           )
11  JERI REDMAN, AMY REDMAN, DAVID C.                   )
    REDMAN, MARK REDMAN and PAUL                        )   **COMPLAINT FOR**
12  REDMAN, as legal heirs of RONALD REDMAN,            )   **SURVIVAL / WRONGFUL**
    deceased,                                           )   **DEATH AND LOSS**
13                                                      )   **OF CONSORTIUM-**
                                                        )   **ASBESTOS**
14            Plaintiffs,                               )
                                                        )
15  vs.                                                 )
                                                        )
16  A.W. CHESTERTON COMPANY,                            )
    ALSTOM POWER, INC. individually and as              )
17      successor-in-interest to GRISCOM-               )
        RUSSELL-SCHACK COMPANY, INC.,                   )
18  FOSTER WHEELER USA CORPORATION,                     )
    HOPEMAN BROTHERS, INC.,                             )
19  IMO INDUSTRIES, INC. fka DE LAVAL                   )
        TURBINE, INC.; DELAVAL TURBINE,                 )
20      INC.; IMO DELAVAL INC.; and                     )
        SHARPLES, INC.,                                 )
21  METALCLAD INSULATION CORPORATION,                   )
    NATIONAL STEEL AND SHIPBUILDING                     )
22      COMPANY,                                        )
    PLANT INSULATION COMPANY,                           )
23  SYD CARPENTER, MARINE CONTRACTOR,                   )
        INC.,                                           )
24  VIAD CORP. fka and as successor-in-interest to      )
        DIAL CORPORATION and GRISCOM                    )
25      RUSSELL,                                        )
                                                        )
26  and DOES 1 - 820,                                   )
                                                        )
27            Defendants                                )
                                                        )
28  _____           )

COMPLAINT FOR SURVIVAL / WRONGFUL DEATH AND LOSS OF CONSORTIUM - ASBESTOS                    PAGE 1

1.     Decedent RONALD REDMAN died on October 21, 2007, as a result of mesothelioma, which is attributable to exposure to asbestos.

2.     Plaintiff JERI REDMAN, the surviving wife of RONALD REDMAN (hereinafter "Decedent"), brings the survival claims in this action pursuant to Section 377.31 of the Code of Civil Procedure.

3.     The wrongful death claims in this action are brought by Plaintiffs JERI REDMAN, AMY REDMAN, DAVID C. REDMAN, MARK REDMAN and PAUL REDMAN, as legal heirs of Decedent, pursuant to Section 377.60 of the Code of Civil Procedure.

4.     Plaintiff JERI REDMAN and decedent RONALD REDMAN were married on or about June 26, 2004.

5.     Decedent RONALD REDMAN is survived by his spouse, plaintiff JERI REDMAN, and his adult children, plaintiffs AMY REDMAN, DAVID C. REDMAN, MARK REDMAN and PAUL REDMAN. At all relevant times herein, decedent was a faithful and dutiful spouse and parent.

6.     All claims against defendants FOSTER WHEELER USA CORPORATION; IMO INDUSTRIES, INC. fka DE LAVAL TURBINE, INC., DELAVAL TURBINE, INC., IMO DELAVAL INC., and SHARPLES, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; and VIAD CORP. fka and as successor-in-interest to DIAL CORPORATION and GRISCOM RUSSELL are limited to claims for failure to warn, both negligence and strict product liability as defined in Anderson v. Owens-Corning Fiberglas (1991) 53 Cal.3d 987 and in CACI. Plaintiffs will not pursue any other theory of liability against these defendants.

7.     Plaintiffs expressly disclaim any cause of action or recovery against defendants FOSTER WHEELER USA CORPORATION; IMO INDUSTRIES, INC. fka DE LAVAL TURBINE, INC., DELAVAL TURBINE, INC., IMO DELAVAL INC., and SHARPLES, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; and VIAD CORP. fka and as

1   successor-in-interest to DIAL CORPORATION and GRISCOM RUSSELL for any injuries

2   resulting from exposure to asbestos containing dust caused by any acts or omissions of a party

3   committed at the direction of an officer of the United States Government.

4       8.      Plaintiffs expressly disclaim any cause of action or recovery for any injuries

5   caused by any exposure to asbestos dust that occurred in a federal enclave.

6

7       9.      The Paul & Hanley, Master Complaint - Asbestos was filed with the Court on

8   September 7, 2000. A copy of the Master Complaint and General Order No. 55 may be obtained

9   upon request from Paul & Hanley LLP, and designated portions of the Master Complaint are

10  incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

11  Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows:

12

| CAUSE OF ACTION | Defendants on Exhibit | | | | | |
|---|---|---|---|---|---|---|
| | B | C | D | E | F | G |
| **First** (Negligence) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Second** (Strict Liability) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Third** (False Representation Under Restatement of Torts Section 402-B) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Fourth** (Intentional tort) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Fifth** (Premises Owner/ Contractor Liability) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Sixth** (Respiratory Safety Devices - Negligence) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Seventh** (Respiratory Safety Devices - Strict Liability) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Eighth - Eleventh** | As Alleged in Paul & Hanley Master Complaint | | | | | |
| **Twelfth** (Negligence [33 U.S.C. §905(b)]) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Thirteenth** (Unseaworthiness) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| CAUSE OF ACTION | Defendants on Exhibit | | | | | |
|---|---|---|---|---|---|---|
| | B | C | D | E | F | G |
| **Fourteenth** (Negligence [Jones Act]) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Fifteenth** (Maintenance and Cure) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Sixteenth** (Loss of Consortium) | ☐ | ☒ | | | | ☒ |
| **Seventeenth** (Survival - Negligence) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Eighteenth** (Survival - Strict Liability) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Nineteenth** (False Representation Under Restatement of Torts Section 402-B - Survival) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Twentieth** (Survival - Intentional Tort) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| **Twenty-First** (Wrongful Death - Negligence) | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ |
| **Twenty-Second** (Wrongful Death - Strict Liability) | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

## TWENTY-THIRD CAUSE OF ACTION
### (Premise Owner/Contractor Liability)

AS AND FOR THE TWENTY-THIRD, SEPARATE, FURTHER DISTINCT CAUSE OF ACTION FOR SURVIVAL AND WRONGFUL DEATH, PLAINTIFFS COMPLAIN OF DEFENDANTS ON EXHIBIT C, DOES 301-500, THEIR "ALTERNATIVE ENTITIES," AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

10.     Plaintiffs incorporate herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1-5 above, paragraphs 17-23 of the First Cause of Action, and each and every allegation contained in the Fifth (replacing "plaintiff" with "decedent" throughout) and Seventeenth Causes of Action.

11.     As a direct and proximate result of the conduct of defendants, and each of them, plaintiffs have sustained the injuries and damages previously alleged.

TWENTY-FOURTH CAUSE OF ACTION
(Negligence – Clutch & Brake Components [Survival and Wrongful Death])

AS AND FOR A FURTHER AND TWENTY-FOURTH SEPARATE AND
DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (NEGLIGENCE) FOR
CLUTCH COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS AND
LININGS, PLAINTIFFS COMPLAIN OF DOES 250-275, AND ALLEGES AS
FOLLOWS:

12.    Plaintiffs, by this reference, incorporate the allegations contained in paragraphs 1-

5 above, and the First and Seventeenth Causes of Action as though fully set forth herein.

13.    DOES 250-275 manufactured or supplied defective clutch components and brake

assemblies or mechanisms which were incorporated into various makes and models of

automobiles, trucks and vehicles manufactured, sold or supplied by said defendants. Said clutch

components and brake assemblies or mechanisms were negligently manufactured sold or

supplied in that:

.         a)        The design of said clutch components and brake assemblies or

mechanisms incorporated the use of asbestos-containing clutch facings/plates and brake

linings;

          b)        Asbestos clutch components brake linings wear and/or deteriorate during

regular and ordinary use thus creating friable asbestos dust, which accumulates in the

clutch brake assemblies and/or mechanisms;

          c)        The design of said clutch components brake assemblies require as a part of

.   their normal operation, use and maintenance that the asbestos clutch components and

brake linings be removed and replaced;

          d)        Said defendants required the use of asbestos-containing clutch components

and brake linings throughout the time period 1940-1985;

e)      During the removal and replacement of asbestos-containing clutch components and brake linings, asbestos-containing dust was inherently generated because of the design of the clutch components and brake assemblies and/or mechanisms;

f)      Defendants knew or should have known that the asbestos-containing dust would be generated during the regular use and maintenance of the clutch components and brake assemblies, mechanisms and linings, and that such dust created an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust;

g)      The defendants, and each of them, failed to warn and/or properly instruct users, consumers, or others of the asbestos-containing dust hazard which existed at the time of regular maintenance or replacement of asbestos clutch components and brake linings. Such failure includes, but is not limited to:

a.      Failure to place prominent and adequate warnings or instructions in and on the clutch components and brake pads and wheel drums;

b.      Failure to place adequate warnings or instructions in the owners' manuals accompanying said automobiles, trucks and vehicles;

c.      Failure to place adequate warnings or instructions on various repair manuals and instructions published by defendants; and

d.      Failure to provide adequate information regarding the asbestos hazards associated with the regular use and maintenance of the clutch components and brake mechanisms, assemblies and/or linings.

14.      The clutch components and brake assemblies, mechanisms and/or linings manufactured, sold or supplied by defendants failed to perform as safely as the ordinary consumer would expect, even though they performed as designed.

15.   Defendants' use and design of asbestos-containing clutch components and brake linings, both as original equipment and as replacement parts, created unreasonable inherent risks which outweighed the benefits of said use and/or design.

16.   The dangers inherent in asbestos-containing clutch components and brake linings were unknown and unforeseeable to the decedent.

17.   Decedent's exposure to asbestos-containing dust, which caused his injury, was from his use and maintenance of defendants' clutch components and brake mechanisms, assemblies and/or linings. Said work produced the release of asbestos dust, which decedent inhaled, thus increasing his risk for all asbestos-related disease.

18.   Defendants' negligence and defective products as described in this cause of action were a direct cause of decedent's injuries and subsequent death, and the injuries and damages thereby sustained by plaintiff.

19.   Nothing hereinabove claimed seeks to impose liability on the defendants named in this cause of action for the products or actions of any third party that may have supplied replacement brake linings used in the hereinabove described brake assemblies.

WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and each of them, as previously set forth in Paul & Hanley Master Complaint.

## TWENTY-FIFTH CAUSE OF ACTION
### (Strict Liability – Clutch & Brake Components [Survival and Wrongful Death])

AS AND FOR A FURTHER AND TWENTY-FIFTH SEPARATE AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (STRICT LIABILITY) FOR CLUTCH COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS AND LININGS, PLAINTIFFS COMPLAIN OF DOES 250-275, AND ALLEGES AS FOLLOWS:

20.   Plaintiffs, by this reference, incorporate the allegations contained in the Second, Eighteenth and Twenty-Fourth Causes of Action as though fully set forth herein, excepting therefrom allegations of negligence.

21.     Defendants' defective products as described in this cause of action did not perform as safely as an ordinary consumer would have expected at time of decedent's use.

22.     Defendants' defective products as described in this cause of action were used in a manner foreseeable by defendants.

23.     The gravity of the potential harm resulting from the use of defendants' defective products as described in this cause of action, and the likelihood such harm would occur, outweighed the cost of feasible alternative designs, including providing adequate warning of such potential harm, including asbestos-related disease.

24.     Defendants' conduct and defective products as described in this cause of action were a direct cause of decedent's injuries and subsequent death, and the injuries and damages thereby sustained by plaintiffs

25.     Nothing hereinabove claimed seeks to impose liability on the defendants named in this cause of action for the products or actions of any third party that may have supplied replacement brake linings used in the hereinabove described brake assemblies.

WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and each of them, as previously set forth in Paul & Hanley Master Complaint.

DATED: April __, 2008                          PAUL & HANLEY LLP

By: _____
Carlos J.E. Guzman
Attorneys for Plaintiffs

EXHIBIT "A"

Decedent RONALD REDMAN's exposure stemmed from occupational exposure to asbestos and asbestos-containing products while working as a Pipefitter and Steamfitter. Decedent was exposed to asbestos and asbestos-containing thermal insulation materials while present at Decedent's jobsites, which include but are not limited to the sites listed below. Decedent RONALD REDMAN suffered and died from asbestos-related disease, including mesothelioma, on October 21, 2007.

| Jobsite | Employer | BD | ED |
|---|---|---|---|
| SANTA PAULA | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1957 | 12/31/1958 |
| SANTA ROSA (now known as THE EMERALD) | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1957 | 12/31/1958 |
| USS SHARK | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1957 | 12/31/1961 |
| Newport News Shipbuilding and Drydock, Newport News, VA | Newport News Shipbuilding and Drydock, Newport News VA | 1/1/1957 | 12/31/1967 |
| USS ROBERT E. LEE | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1958 | 12/31/1960 |
| USS JOHN MARSHALL | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1960 | 12/31/1962 |
| USS THOMAS JEFFERSON | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1961 | 12/31/1963 |
| USS JOHN C. CALHOUN - SSBN 630 | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1962 | 12/31/1964 |
| USS LEWIS & CLARK | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1963 | 12/31/1964 |

///

| Jobsite | Employer | BD | ED |
|---------|----------|-----|-----|
| USS GEORGE C. MARSHALL | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1964 | 12/31/1966 |
| USS JOHN F. KENNEDY | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1965 | 12/31/1967 |
| USS LAPON | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1965 | 12/31/1967 |
| Newport News Shipbuilding and Drydock, Newport News, VA | Newport News Shipbuilding and Drydock, Newport News VA | 1/1/1967 | 12/31/1974 |
| USS NIMITZ | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1968 | 12/31/1974 |
| USS CALIFORNIA | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1970 | 12/31/1974 |
| USS SOUTH CAROLINA | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1970 | 12/31/1974 |
| USS SOUTH CAROLINA | NEWPORT NEWS SHIPBUILDING & DRYDOCK COMPANY | 1/1/1970 | 12/31/1974 |
| USS JOHN F. KENNEDY | Norfolk Naval Shipyard | 1/1/1971 | 12/31/1984 |
| Norfolk Naval Shipyard, Portsmouth, VA | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| San Diego Naval Shipyard, 32nd Street, San Diego CA | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USNS CONCORD | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS ALFRED A CUNNINGHAM | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS AMERICA (CV-66) | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS ANCHORAGE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |

| | Jobsite | Employer | BD | ED |
|---|---|---|---|---|
| 1 | | | | |
| 2 | SS ARTHUR W. RADFORD | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 3 | USS AUSTIN | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 4 | USS BARNEY - DDG 6 | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 5 | USS BELLEAU WOOD | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 6 | USS BRISCOE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 7 | | | | |
| 8 | USS CALIFORNIA | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 9 | USS CANISTEO | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 10 | USS CARON | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 11 | USS CLAUDE V RICKETTS | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 12 | USS CLAUDE V RICKETTS | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 13 | USS COMTE DE GRASSE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 14 | USS CONYNGHAM | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 15 | USS COONTZ - DLG 9 | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 16 | | | | |
| 17 | USS CORONADO | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 18 | USS DU PONT | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 19 | USS DWIGHT D. EISENHOWER | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 20 | USS FARRAGUT | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 21 | USS FORESTAL (CVA-59) | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 22 | USS GLOVER | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 23 | USS GUADALCANAL | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 24 | USS HARLAN COUNTY | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 25 | USS HARRY E YARNELL | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 26 | | | | |
| 27 | USS INCHON (LPH 12) | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 28 | USS INDEPENDENCE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |

| | Jobsite | Employer | BD | ED |
|---|---|---|---|---|
| 1 | | | | |
| 2 | USS INGRAHAM | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 3 | USS IWO JIMA | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 4 | USS JOHN KING | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 5 | USS JOHN R PERRY | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 6 | USS JOSEPHUS DANIELS | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 7 | USS KEARNY | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 8 | USS KNOX | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 9 | USS LASALLE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 10 | USS LAWRENCE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 11 | USS MANITOWOC | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 12 | USS MOBILE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 13 | USS MOUNT WHITNEY LCC 20 | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 14 | USS NASSAU CVE-16 | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 15 | USS NEOSHO | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 16 | USS NEWPORT | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 17 | USS NIMITZ | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 18 | USS PHARRIS | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 19 | USS PONCE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 20 | USS PORTLAND | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 21 | USS RALEIGH | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 22 | USS REUBEN JAMES | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 23 | USS RICHARD E. BYRD | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 24 | USS SAGINAW | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| 25 | USS SAN DIEGO (AFS6) | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |

| Jobsite | Employer | BD | ED |
|---|---|---|---|
| USS SARATOGA | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS SOUTH CAROLINA | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS SPIEGEL GROVE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS SPRUANCE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS SUMTER | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS SYLVANIA | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS TARAWA | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS TRUCKEE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS VIRGINIA | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS VULCAN | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS WAINWRIGHT (DLG-28) | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| USS YELLOWSTONE | Norfolk Naval Shipyard | 1/1/1974 | 12/31/1984 |
| Supervisor of Shipbuilding, Newport News, VA | Supervisor of Shipbuilding | 8/1/1984 | 8/31/1987 |

1        EXHIBIT "B"

2    A.W. CHESTERTON COMPANY,
     ALSTOM POWER, INC. individually and as successor-in-interest to GRISCOM-RUSSELL-
3        SCHACK COMPANY. INC.,
     FOSTER WHEELER USA CORPORATION,
4    HOPEMAN BROTHERS, INC.,
     IMO INDUSTRIES, INC. fka DE LAVAL TURBINE, INC.; DELAVAL TURBINE, INC.;
5        IMO DELAVAL INC.; and SHARPLES, INC.,
     METALCLAD INSULATION CORPORATION,
6    PLANT INSULATION COMPANY,
     SYD CARPENTER, MARINE CONTRACTOR, INC.,
7    VIAD CORP. fka and as successor-in-interest to DIAL CORPORATION and GRISCOM
         RUSSELL,

8    and DOES 1 – 300.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                   EXHIBIT "C"

2 FOSTER WHEELER USA CORPORATION,
HOPEMAN BROTHERS, INC.,
3 IMO INDUSTRIES, INC. fka DE LAVAL TURBINE, INC.; DELAVAL TURBINE, INC.;
IMO DELAVAL INC.; and SHARPLES, INC.,
4 METALCLAD INSULATION CORPORATION,
NATIONAL STEEL AND SHIPBUILDING COMPANY,
5 PLANT INSULATION COMPANY,
SYD CARPENTER, MARINE CONTRACTOR, INC.,
6
and DOES 301 – 500.

1     EXHIBIT "D"

2

3     DOES 551 – 600.

4

5

6     EXHIBIT "E"

7     [Erroneously misstated as Exhibit D defendants in Master Complaint]

8

9

10

11    DOES 501 – 550.

12

13

14    EXHIBIT "G"

15    DOES 621 – 650.

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA C

5-23-0?
1:15

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A.W. CHESTERTON COMPANY,
ALSTOM POWER, INC. individually and as successor-in-
     interest to GRISCOM-RUSSELL-SCHACK COMPANY, INC.,
FOSTER WHEELER USA CORPORATION,
HOPEMAN BROTHERS, INC.,
IMO INDUSTRIES, INC. fka DE LAVAL TURBINE, INC.; DELAVAL
     TURBINE, INC.; IMO DELAVAL INC.; and SHARPLES INC.,
(SEE ADDITIONAL PARTIES ATTACHMENT)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JERI REDMAN, individually and as successor-in-
interest to RONALD REDMAN, deceased; and JERI REDMAN,
AMY REDMAN, DAVID C. REDMAN, MARK REDMAN and PAUL
REDMAN, as legal heirs of RONALD REDMAN, deceased,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
     There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
     *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COURT OF UNLIMITED JURISDICTION
COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET
San Francisco, California 94102

CASE NUMBER:
*(Número del Caso):* CGC -08-274617

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dean A. Hanley (Bar No. 169507)        (510) 559-9980   (510) 559-9980
Paul & Hanley LLP
1608 Fourth Street, Suite 300

DATE: APR 1 6 2008          GORDON PARK-LI                       , Deputy
*(Fecha)*                    *(Secretario)*                       *(Adjunto)*
                                          CRISTINA E. BAUTISTA

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
      VIAD CORP, fka and as successor-in-interest
3. ☒ on behalf of *(specify):* to DIAL CORPORATION and GRISCOM RUSSELL

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUMMONS
Legal Solutions Plus
Code of Civil Procedure §§ 412.20, 465

SUM-200(A)

| SHORT TITLE: Jeri Redman, et al. v. A.W. Chesterton<br>Company, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

METALCLAD INSULATION CORPORATION,
NATIONAL STEEL AND SHIPBUILDING COMPANY,
PLANT INSULATION COMPANY,
SYD CARPENTER, MARINE CONTRACTOR, INC.,
VIAD CORP. fka and as successor-in-interest to DIAL CORPORATION and GRISCOM
      RUSSELL,
and DOES 1-820

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

Legal
Solutions
Plus

**CT** CORPORATION
A WoltersKluwer Company

*Ellen Margolis*
**Service of Process**
**Transmittal**
05/23/2008
CT Log Number 513461396
|||||| ||||||| ||| |||||||||| ||||||||||| |||| ||||| ||||| |||||| ||||| ||||

**TO:**    General Counsel
Viad Corp
1850 N. Central Avenue, Suite 800
Phoenix, AZ 85004-4545

**RE:**    **Process Served in California**

**FOR:**   Viad Corp (Domestic State: DE)

## VIAD - Law

### MAY 2 8 2008

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Jeri Redman, indivually and as successor-in-interest to Ronald Redman, deceased, et al., Pltfs. vs. A. W. Chesterton Company, et al. including Viad Corp., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Exhibit(s), Preliminary Fact Sheet, Cover Sheet, Notice to Plaintiff, Case Management Statement Form, Amended Order, Responses |
| **COURT/AGENCY:** | San Francisco County, Superior Court, CA<br>Case # CGC08274617 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/23/2008 at 13:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 04/15/09 at 1:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Dean A. Hanley<br>Paul & Hanley LLP<br>1608 Fourth Street<br>Suite 300<br>Berkeley, CA 94710<br>510-559-9980 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798448472324<br>Email Notification, General Counsel DSHAY@VIAD.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for C T Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.