WHITNEY A. DAVIS. #149523
MARIA S. ROSENFELD, #186116
**CHARTER DAVIS, LLP**
Attorneys at Law
1730 I Street. Suite 240
Sacramento, California 95814
Telephone:  (916) 448-9000
Facsimile:  (916) 448-9009

Attorneys for Defendant VIAD CORP,
individually and as alleged successor-in-interest to
GRISCOM-RUSSELL COMPANY and alleged
successor-in-interest to DIAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERI REDMAN, individually and as successor-in-interest to RONALD REDMAN. deceased: and JERI REDMAN. AMY REDMAN. DAVID C. REDMAN. MARK REDMAN and PAUL REDMAN. as legal heirs of RONALD REDMAN. deceased.<br><br>Plaintiffs,<br>v.<br><br>A.W. CHESTERTON COMPANY et. al.<br><br>Defendants. | Federal Case No. CV 08 3013<br><br>San Francisco County Superior Court Case No. CGC-08-274617<br><br>**ANSWER OF VIAD CORP TO COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM-ASBESTOS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>BY FAX |

In accordance with the Federal Rules of Civil Procedure, defendant Viad Corp, individually and as alleged successor-in-interest to Griscom-Russell Company and Dial Corporation (hereinafter cumulatively referred to as "defendant" and/or "Viad") hereby answers the complaint filed by plaintiff Jeri Redman et. al., denying, generally and specifically, any liability whatsoever with respect to the matters complained of, and denying that plaintiff has been damaged in any sum or at all, and further answering as follows:

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

1

ANSWER ON BEHALF OF DEFENDANT VIAD CORP

## ANSWER TO COMPLAINT

1. Responding to paragraph number one of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

2. Responding to paragraph number two of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

3. Responding to paragraph number three of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4. Responding to paragraph number four of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

5. Responding to paragraph number five of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

6. Responding to paragraph number six of the complaint, defendant admits the claims raised against Viad by and through the complaint are limited to claims for failure to warn, both in negligence and strict product liability, but is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

7. Responding to paragraph number seven of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

8. Responding to paragraph number eight of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

9. Responding to paragraph nine of the complaint, and the allegations of the alleged "Master Complaint" incorporated in part by reference therein, and each of its paragraphs, defendant lacks sufficient knowledge and information to form a belief as to the truth and accuracy of those allegations and on that basis denies the same, while admitting that federal jurisdiction is appropriate. Defendant otherwise denies it is the successor in interest to any other listed entity incorporated in any way into the summary complaint and/or any portion of the master complaint, and denies committing the acts complained-of in the "Master Complaint," incorporated loosely into the instant complaint, including and particularly, plaintiff's alleged claims of loss of consortium, survival-negligence, survival-strict liability, false representation under restatement of torts section 402-B, survival-intentional tort, wrongful death-negligence, and wrongful death-strict liability, (claims incorporated/pled against this defendant by and through paragraph 9, Exhibit B attached, and/or the master complaint generally) and defendant further denies that any damage resulted from the conduct of this defendant.

10. Responding to paragraph numbers ten, eleven, of the complaint, defendant admits that the premises owner/contractor liability based claim is not directed against it, and instead is directed only at defendants contained/incorporated by reference on Exhibit C supporting plaintiff's summary complaint. Defendant is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, denies each and every allegation contained therein.

11. Responding to paragraph numbers twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, and nineteen, of the summary complaint, defendant admits that the negligence-clutch & brake components [survival and wrongful death] claim is not directed against it, and instead is directed only at Does 250-275. Defendant is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations regarding alleged clutch/brake lining components and theories therein related, contained in said paragraphs, and on that basis, denies each and every allegation contained therein.

12. Responding to paragraph numbers twenty, twenty-one, twenty-two, twenty-three, twenty-four, and twenty-five, of the summary complaint, defendant admits that the strict

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

3

1 liability-clutch & brake components [survival and wrongful death] claim is not directed against it, and instead is directed only at Does 250-275. Defendant is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations regarding alleged clutch/brake lining components and theories therein related, contained in said paragraphs, and on that basis, denies each and every allegation contained therein.

13. Responding to plaintiff's attached Exhibit "A" and incorporation of Exhibit "A", defendant lacks sufficient knowledge and information to form a belief as to the truth and accuracy of those allegations and on that basis denies the same.

14. Responding to plaintiff's attached Exhibit "B" and incorporation of Exhibit "B", defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained therein. Notwithstanding, defendant denies that it is is the legal successor to all of the liabilities of Dial Corporation and Griscom Russell as alleged in Exhibit B. Further, while defendant admits as to the existence of the alleged successor entities, defendant specifically denies, that it is liable (and/or otherwise owed/breached any duty) for any alleged tortious conduct of each alleged fka/successor in interest entity.

15. Responding to plaintiff's attached Exhibit "C" and incorporation of Exhibit "C", defendant lacks sufficient knowledge and information to form a belief as to the truth and accuracy of those allegations and on that basis denies the same.

16. Responding to plaintiff's Exhibit "D" reference, defendant lacks sufficient knowledge and information to form a belief as to the truth and accuracy of those allegations and on that basis denies the same.

17. Responding to plaintiff's Exhibit "E" reference, defendant lacks sufficient knowledge and information to form a belief as to the truth and accuracy of those allegations and on that basis denies the same.

18. Responding to plaintiff's Exhibit "G" reference, defendant lacks sufficient knowledge and information to form a belief as to the truth and accuracy of those allegations and on that basis denies the same.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state facts sufficient to constitute any cause of action against this answering defendant.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations, including, but not limited to, California Code of Civil Procedure §§338 sub. div. a, 340, 340.2, 343 and 337.

THIRD AFFIRMATIVE DEFENSE

The complaint does not state facts sufficient to justify an award of punitive damages. The imposition of punitive damages as sought by plaintiffs would violate the rights of the defendant under the Constitution of the United States and other potentially applicable State Constitutions, and at common law, in that:

a)  An award of punitive damages would violate the rights of the defendant to due process and equal protection of the laws, as guaranteed by the United States Constitution and its Fourteenth Amendment, and similar protection afforded by other potentially applicable State Constitutions.

b)  Applicable State law provides no Constitutionally adequate or meaningful standards to guide a jury in imposing a punitive award, or to give the public, including the defendants, a reasonable and Constitutionally required notice of the manner of conduct which may submit it to such a sanction. As scienter is an indispensable element of a charge of such conduct, the defendant should not be subjected to the risk of punishment for an alleged offense as to which scienter is impossible as there are no ascertainable standards to apply other than the whim of a jury.

c)  Applicable State law leaves the determination of the fact and amount of punitive damages to the arbitrary discretion of the trier of fact, without providing adequate or meaningful limits to the exercise of that discretion. This constitutes a taking without due process of law.

d)  No provision of the applicable State law provides adequate procedural safeguards

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

5

ANSWER ON BEHALF OF DEFENDANT VIAD CORP

1 consistent with the criteria set forth in *Mathews v. Eldridge*, 424 US 319 (1976) for the
2 imposition of a punitive award.
3     e)     The right of the defendants to due process of law would be violated were
4 Plaintiffs to be permitted to pursue recovery against the defendant based upon strict liability
5 claims which focus on the condition of the product while simultaneously pursuing claims for
6 punitive damages that focus on the conduct of the defendant, since exculpatory evidence of
7 reasonable conduct may otherwise be inadmissible in a strict liability case.
8     f)     The concept of punitive damages whereby an award is made to a private plaintiff.
9 not as compensation. but as a windfall incident to the punishment of a defendant. represents a
10 taking of property without due process of law.
11     g)     Punitive damages are quasi-criminal in nature, application of the discovery
12 provisions of the Code of Civil Procedure would be inappropriate as those rules are not intended
13 to apply to a criminal proceeding. The defendants, therefore, request that the court limit any
14 discovery requests which relate in any way to plaintiffs' requests for punitive damages to that
15 type of discovery which is permitted to be taken from a criminal defendant pursuant to the
16 applicable Code of Civil Procedure.

17 <center>FOURTH AFFIRMATIVE DEFENSE</center>
18 This answering defendant alleges that the complaint does not state facts sufficient to
19 justify "market share" liability as to this defendant.

20 <center>FIFTH AFFIRMATIVE DEFENSE</center>
21 Any injuries or damages alleged in this action proximately resulted from the negligence
22 and careless conduct of employers of the person injured. The recovery of damages herein, if
23 any. is barred or diminished to the extent worker's compensation benefits have been or will be
24 paid to such employee or heirs by any employer.

25 <center>SIXTH AFFIRMATIVE DEFENSE</center>
26 Plaintiff's claims are barred by the Doctrine of Estoppel.

27
28

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

SEVENTH AFFIRMATIVE DEFENSE

At all times denying the allegations of plaintiff's complaint, defendant is informed and believes, and based upon said information and belief alleges, that plaintiff/decedent voluntarily and knowingly assumed the alleged risks and alleged hazards incident to the alleged operations, acts and conduct at the times and places alleged in the complaint, and that plaintiff/decedent's acts proximately caused and contributed to the alleged injuries and damages, if any such injuries or damages there were, or are.

EIGHTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff, if any, were caused solely by the negligence or other legal fault of persons, including decedent, other than this answering defendant. If defendant is in any way negligent or otherwise legally responsible, any damages to which decedent would otherwise be entitled should be reduced in proportion to the amount of negligence or legal fault attributable to decedent and other persons in causing decedent's injuries.

NINTH AFFIRMATIVE DEFENSE

Decedent failed to mitigate his alleged damages, if any there were.

TENTH AFFIRMATIVE DEFENSE

This answering defendant received no notice of any dangerous, hazardous or defective condition or any breach of warranty, either express or implied.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant did commit the alleged acts with any of the alleged products which plaintiffs/decedent allege caused the injuries set forth in the complaint.

TWELFTH AFFIRMATIVE DEFENSE

If the products alleged in the complaint are found to have caused decedent's injury, which injury defendant expressly denies, such products were stored, maintained, exposed, manufactured, supplied and/or distributed by others, and not defendant or the alleged alternate entities in a manner consistent with the state of the art applicable at the time.

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

7

ANSWER ON BEHALF OF DEFENDANT VIAD CORP

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant to the alleged conditions, conduct or injuries, decedent had or should have had notice and knowledge of the risks and dangers, if any, associated with such conditions, conduct and injuries as any such risk or danger was open, obvious and apparent to decedent, and that he appreciated the danger or risk, and voluntarily assumed any such danger or risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant had no duty to know about, protect against or warn of any alleged risk of harm from exposure to asbestos under the state of scientific and medical knowledge at the applicable time.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs'/decedent's claims are barred by the Doctrine of Laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

The applicable punitive damages statutes are unconstitutional because they violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs'/decedent's claims for punitive damages are barred by the Due Process Clause of Article 1, Section 7 and the Excessive Fines Clause of Article 1, Section 17 of the Constitution of the State of California.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs'/decedent's claims are barred by the Doctrine of Waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant is protected from the allegations brought in plaintiffs' complaint by virtue of the Worker's Compensation Exclusive Remedy Doctrine of California Labor Code section 3600, et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs'/decedent's claims are barred by the decedent's implied assumption of the risks and dangers, if any, associated with the alleged conditions, conduct or injuries set forth in plaintiff's complaint.

8

ANSWER ON BEHALF OF DEFENDANT VIAD CORP

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The actions of this answering defendant were in conformity with the state of the medical, industrial and scientific arts, such that there was no duty to warn decedent and/or plaintiff under the circumstances, or to such an extent such a duty arose, defendant provided adequate warnings, labels and/or instructions concerning the conditions or products in question. If those warnings, labels and/or instructions were not heeded, it is the fault of others and not of this answering defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant made no representations to decedent. To the extent that the alleged representations were made, they were made by persons and/or parties other than this answering defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that any of the alleged representations were made to decedent, they were not made with the intent to defraud or deceive decedent or to induce him to engage in any alleged conduct.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Decedent did not rely on any other representations made by this answering defendant. To the extent that the decedent did rely on any alleged representations, such reliance was unjustified.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This answering defendant concealed no material facts nor made no affirmative misrepresentation of fact to decedent. To the extent that any fact or facts were concealed from decedent, such concealment was not made with the intent to defraud, deceive, or mislead plaintiff to induce him to engage in any alleged conduct.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This answering defendant denies that it is liable for any acts, conduct, omissions or products of any alleged predecessor entity.

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The decedent's injuries and damages, if any, resulted from the failure of decedent to use the safety equipment and/or safety precautions which may have been provided, warned of, or made available to him.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off from any and all sums recovered by or on behalf of the decedent by way of any settlement, judgment, or otherwise which were or entered into or received by decedent from any party or non-party to this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Decedent's claims are barred by the Doctrine of Release.

### THIRTIETH AFFIRMATIVE DEFENSE

This answering defendant had no "actual knowledge" of the existence of a dangerous condition on any premises in question; that decedent had contracted an asbestos-related disease; that decedent was exposed to asbestos; or that friable asbestos existed on the premises.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Decedent's claims are preempted by federal law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant is immune from liability by way of the military contractor defense.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Decedent's claims are barred for failure to join necessary parties to this action.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Decedent's claims are barred by the doctrine of exclusive concurrent jurisdiction.

### **OTHER DEFENSES**

This answering defendant reserves the right to allege other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves its rights to amend its answer to allege said affirmative defenses at such time as they become

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

known.

WHEREFORE, this answering defendant prays as follows:

1. That plaintiffs/decedent take nothing by their complaint;
2. For costs of suit incurred herein;
3. For reasonable attorney's fees; and
4. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant VIAD hereby demands trial by jury.

Dated: June 17, 2008                CHARTER DAVIS, LLP

By: _____
Attorneys for Defendant VIAD CORP,
individually and as alleged successor-in-interest
to Griscom-Russell Company and alleged
successor-in-interest to Dial Corporation

Charter Davis LLP
Attorneys at Law
701 Street, #240
Sacramento, CA 95814
phone (916) 448-9000

11

ANSWER ON BEHALF OF DEFENDANT VIAD CORP