WHITNEY A. DAVIS, SBN 149523
MARIA S. ROSENFELD, SBN 186116
CHARTER DAVIS, LLP
1730 I Street, Ste. 240
Sacramento, CA  95814
(916) 448-9000
(916) 448-9009

Attorneys for Defendant VIAD CORP,
individually and as alleged successor-in-interest to
GRISCOM-RUSSELL COMPANY and alleged
successor-in-interest to DIAL CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERI REDMAN, individually and as successor-in-interest to RONALD REDMAN, deceased; and JERI REDMAN, AMY REDMAN, DAVID C. REDMAN, MARK REDMAN and PAUL REDMAN, as legal heirs of RONALD REDMAN, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>A.W. CHESTERTON COMPANY et. al.<br><br>Defendants. | Case No. 08-CV-03013-JSW<br><br>**EX PARTE APPLICATION ON BEHALF OF DEFENDANT VIAD CORP FOR EXTENSION OF TIME WITHIN WHICH TO FILE OPPOSITION TO PENDING MOTION FOR REMAND** |

## I.

### INTRODUCTION

Defendant Viad Corp, individually and as alleged successor in interest to Griscom Russell/Dial Corporation applies herein for an Order extending its time to file an opposition to plaintiff's pending motion for remand. No prior request for any extension of time has been made.

Plaintiffs filed their wrongful death asbestos related injury complaint in California state court (San Francisco County Superior Court Case No. CGC-08-274616.) On or about June 18,

1

2008, Defendant Viad Corp, individually and as alleged successor in interest to Griscom Russell Company/Dial Corporation, filed a notice of removal given that federal courts have original jurisdiction under 28 U.S.C. § 1442(a)(1) because defendant was acting under an officer or agency of the United States when it committed any alleged acts pled within plaintiffs' complaint and giving rise to plaintiffs' alleged injuries. In response, on or about July 3, 2008 plaintiffs filed and served a motion for remand. Upon receipt of the plaintiffs' motion for remand, the Honorable Jeffrey S. White set a briefing schedule. Per the briefing schedule, the motion is set for September 5, 2008. The opposition papers are presently due July 21, 2008. Plaintiffs' reply is due July 28, 2008. The order setting briefing schedule further recites "If the parties wish to modify this schedule, they may submit for the Court's consideration a stipulation and proposed order demonstrating good cause for any modification requested." (**Exhibit A** to the accompanying declaration of Whitney A. Davis, July 7, 2008 Order Setting Briefing Schedule on Motion to Remand.) Although stipulation on this issue was routed to plaintiffs' counsel, plaintiff's counsel apprised they would not execute the same.

    The present ex parte application requests that the Court extend the time for filing defendant's opposition papers to the pending motion for remand up to and including **July 30, 2008**. Good cause exists for this extension given that defendant Viad Corp intends to oppose the motion for remand largely through the declaration of shipbuilding expert Charles Cushing whose knowledge regarding the requirements utilized by the U.S. Navy during the construction phase of vessels (as those requirements apply to suppliers/contractors) is central to application of the government contractor defense at the heart of the instant remand motion. Viad Corp has learned, however, that Charles Cushing is presently on vacation in Germany and not due back until July 21, 2008. For this reason, defendant Viad asks for an extension through July 30, 2008, in order to allow attorneys for defendant Viad Corp at least **7 business days** to confer with Mr. Cushing regarding a supporting declaration to be filed on behalf of Charles Cushing, finalize/obtain signature on the declaration, and integrate the declaration within the opposing memorandum. Defendant further requests that the Court grant plaintiff a concurrent extension of time within which to file their reply briefing. Additionally, to the extent this Court deems that the hearing

date should be moved out to accommodate the new briefing schedule, defendant has no opposition to the same. Given, however, that the hearing is set out for September 5, 2008, defendant presumes the motion hearing date can remain on calendar as scheduled.

## II.

## APPLICABLE LAW

According to Northern District of California Rule 7-10, ex parte motions may be filed when a statute, Federal Rule, Local Rule, or standing order authorizes the filing of an ex parte motion under the circumstances, and the party filing the ex parte motion has complied with applicable provisions. (N.D. Cal. Rule 7-10.)

An ex parte motion for an order extending time or continuing a motion is authorized by Federal Rules of Civil Procedure, Rule 6(b), which states:

> When an act may or must be done, within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect… but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), except to the extent and under the conditions stated in them.

A party moving for ex parte relief must show that it will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures. (*Mission Power Engineering Company v. Continental Casualty Company, et al.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995.) Further, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief or that the crisis occurred as a result of excusable neglect." (*Id.* at 492.)

The motion for remand is set to be heard September 5, 2008. Defendant's opposition is presently due July 21, 2008. Thus, the timeframe for opposition has not yet expired. No prior extension has been requested by this moving party in this action. (Declaration of Whitney A. Davis at ¶ 6.) Therefore, this ex parte application is proper under Federal Rules of Civil Procedure Rule 6(b) and Northern District of California Local Rule 7-10. Additionally, in this particular case, the briefing schedule was set by the Court. In the briefing schedule order, the Court specifically allows for modification of the order upon good cause. (**Exhibit A.**)

Lastly, defense counsel tried to avoid the need for formal motion/ex parte application by requesting that plaintiffs' counsel demonstrate some professional courtesy in light of the situation whereby defendant's expert is literally out of the country and unavailable to oppose the remand motion on the briefing schedule presently set. No signature was forthcoming on the stipulation from plaintiff's counsel, and in fact plaintiff's counsel orally affirmed they did not intend to stipulate, forcing this application seeking ex parte relief under Fed. R. Civ. P. 6(b). (See Declaration of Whitney A. Davis at ¶ 5.)

As set forth in more detail below, good cause exists for this extension given that defendant Viad Corp's supporting expert, Charles Cushing is presently out of the country.

### III.
### GOOD CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION

Defendant Viad Corp demonstrates, by and through the concurrently filed declaration of Whitney A. Davis, that it has demonstrated that good cause exists to grant the instant request to extend the due date for opposition to plaintiff's motion for remand. As stated above, defendant Viad Corp intends to oppose the motion for remand largely through the declaration of shipbuilding expert Charles Cushing. Viad Corp has just learned, however, that Charles Cushing is presently on vacation in Germany and not due back until July 21, 2008. (Declaration of Whitney A. Davis at ¶ 4.) Defendant Viad Corp cannot substantively oppose the pending motion without input/declaration from expert Charles Cushing. More specifically, Charles Cushing is president of C.R. Cushing & Co., Inc., Naval Architects, Marine Engineers and Transportation Consultants. His declaration will be critical to Viad Corp's intended remand opposition. (*Id.* Declaration of Whitney A. Davis.) His declaration will be critical to Viad Corp's intended remand opposition. Charles Cushing has vast experience, education and training as a naval architect and marine engineer, including involvement in the design, construction, and/or conversion of ocean-going vessels, critical to explaining to the Court issues including, for example, the design and plans of the ships placed at issue by plaintiff's remand motion. Charles Cushing has great familiarity/knowledge with regard to the requirements utilized by the U.S. Navy during the construction phase of vessels (such as those at issue here) and how those

requirements apply to suppliers/contractors. (*Id.*) Standards involving the U.S. Navy's specifications as regards to equipment manufactured for the vessels at issue are central to application of the government contractor defense, at the heart of the instant motion for remand. (*Id.*)

Defense counsel tried to avoid the need for formal motion/ex parte application by requesting that plaintiffs' counsel demonstrate some professional courtesy in light of the situation whereby defendant's expert is literally out of the country and unavailable to oppose the remand motion on the briefing schedule presently set. Plaintiffs declined to send over any executed stipulation as requested, forcing this application seeking ex parte relief under Fed. R. Civ. P. 6(b) (*Id.*)

Should the Court grant this brief extension, plaintiffs will suffer no prejudice for defendant is willing to have the Court extend the timeline for reply briefing as well. Additionally, given that the motion is not set to be heard until September 5, 2008 the actual hearing date will likely remain unaffected. Alternatively, defendant Viad Corp will suffer extreme prejudice if not permitted to file the substantive declaration of Charles Cushing in support of its opposition to remand. Stated simply, Charles Cushing's substantive testimony is expected to illustrate the exacting nature of U.S. Navy specifications, thus applying the government contractor defense to the instant case.

Based upon the foregoing, defendant Viad Corp respectfully requests that the Court grant it an additional **7 business days**, up to and including **July 30, 2008** within which to file its opposition papers to plaintiffs' presently pending motion for remand. Such time will be necessary to confer with Viad Corp's intended expert, fashion his declaration as it pertains to the present case, and integrate the same into the opposing memorandum.

## IV.

## CONCLUSION

Based upon the foregoing, defendant Viad Corp respectfully requests that the Court grant it an additional 7 business days, up to and including July 30, 2008 within which to file its opposition papers to plaintiffs' presently pending motion for remand. Defendant Viad Corp will suffer great prejudice if the requested relief is not granted, (being forced to file its opposition without the support of its key expert in this matter, Charles Cushing.) Defendant Viad Corp has demonstrated good cause for the requested relief.

DATED: July 15, 2008                CHARTER DAVIS, LLP


    /s/ Whitney A. Davis
WHITNEY A. DAVIS

```
1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA  95814
   (916) 448-9000
4  (916) 448-9009

5  Attorneys for Defendant VIAD CORP,
   individually and as alleged successor-in-interest to
6  GRISCOM-RUSSELL COMPANY and alleged
   successor-in-interest to DIAL CORPORATION
7
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERI REDMAN, individually and as successor-in-interest to RONALD REDMAN, deceased; and JERI REDMAN, AMY REDMAN, DAVID C. REDMAN, MARK REDMAN and PAUL REDMAN, as legal heirs of RONALD REDMAN, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>A.W. CHESTERTON COMPANY et. al.<br><br>Defendants. | Case No.  08-CV-03013-JSW<br><br>**[PROPOSED] ORDER RE: EX PARTE APPLICATION BY DEFENDANT VIAD CORP FOR EXTENSION OF TIME WITHIN WHICH TO FILE OPPOSITION TO PENDING MOTION FOR REMAND** |

Having considered Defendant Viad Corp's exparte application for an extension of time within which to file its opposition to Plaintiffs' pending Motion for Remand, and finding good cause therefore,

1 | IT IS HEREBY ORDERED that Defendant Viad Corp shall have up to and including

2 | _____ within which to file its opposition to the pending motion for remand.

3 | Plaintiffs thereafter shall have up to and including _____ within which to

4 |

5 | file their reply briefing. The motion for remand shall be heard on _____ at

6 | _____ in Department _____.

7 |

8 | Dated: _____                          _____
9 |                                              U.S. DISTRICT JUDGE