Dean A. Hanley, Esq.   (State Bar No. 169507)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL AND HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:   (510) 559-9970
dhanley@paulandhanley.com
drosenthal@paulandhanley.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERI REDMAN, individually and as successor-in-interest to RONALD REDMAN, deceased; and JERI REDMAN, AMY REDMAN, DAVID C. REDMAN, MARK REDMAN and PAUL REDMAN, as legal heirs of RONALD REDMAN, deceased,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON, et al.,<br><br>　　　　Defendants. | Case No.: 08-cv-03013-BZ<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT VIAD CORPORATION'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO OPPOSE MOTION FOR REMAND**<br><br>[FRCP 6; ND CA Local Rules 6-3, 7-2, 7-3 & 7-10] |

## I.   INTRODUCTION

No good cause exists for the extension VIAD seeks.  To successfully oppose plaintiffs' remand motion, VIAD must show that removal was proper.  VIAD's failure to obtain the evidence necessary to support removal *before* it removed this case to federal court cannot be cured retroactively.

Furthermore, VIAD has had ample time to oppose plaintiffs' motion.  This Court's Order Setting Briefing Schedule affords VIAD more time to oppose plaintiffs' motion than VIAD

would have had if plaintiffs set their motion on regularly noticed time, for hearing 35 days after the filing and service of their motion.

VIAD created its own crisis by failing to marshal facts and evidence establishing federal subject matter jurisdiction before it removed this case to federal court. Because VIAD's purported need for the requested extension is entirely its own fault, VIAD is not entitled to the relief it seeks.

## II.  LEGAL ARGUMENT

Plaintiffs could find no precedential authority governing this matter. However, the U.S. District Courts of California "generally require that the applicant demonstrate circumstances showing that (1) the applicant is not the cause of its own predicament, and (2) the order is 'needed' to avoid some type of harm." *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.,* 2007 U.S. Dist. LEXIS 85849 at p. 2 (E.D. Cal. 2007)(citing to *In re Intermagnetics America, Inc.,* 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989); *Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp 488, 492 (C.D. Cal. 1995); and *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 613 (D. Ariz. 2001)). See also *Bloomstein v. Paramount Pictures Corp.,* 1998 U.S. Dist. LEXIS 20906 at p. 6 (N.D. Cal. 1998), in which this Court denied defendants' ex parte applications to file a late bill of costs and late motion for attorneys' fees upon finding that defendants had "failed to establish sufficient diligence" in ascertaining the entry of judgment and filing a timely costs bill and attorneys' fees motion.

### A.  VIAD is the cause of its own predicament

Defendants have the burden of establishing that removal was proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-567 (9th Cir. 1992). To qualify for removal under the federal statute that VIAD removed under, VIAD was required to accomplish all of the following in its removal petition: raise a colorable federal defense, establish that the lawsuit is "for act under color of office," and show a causal nexus between the charged conduct and asserted official authority. *Jefferson County v. Acker,* 527 U.S. 423, 431 (citing 28 U.S.C. § 1442(a)(3); *Mesa v. California,* 489 U.S. 121, 139; and *Willingham v. Morgan,* 395 U.S. 402, 409 (1969)).

VIAD failed to establish that the requisite elements for removal jurisdiction existed at the time of removal. Therefore, VIAD's removal was improper, and the introduction of new evidence that VIAD by its own admission has yet to obtain will not change that fact.

VIAD and not plaintiffs initiated the federal court proceedings. If VIAD was unable to prove that this Court has subject matter jurisdiction over this action, VIAD should not have removed this case to federal court, a court of limited jurisdiction. Granting VIAD additional time to oppose plaintiffs' motion would not do anything to further the administration of justice.

**B.  VIAD does not need the requested extension to avoid prejudice**

As the U.S. District Court for the Central District of California noted in *Mission Power Eng'g Co., supra*:

> Regularly noticed motions are most likely to produce a just result.... they give the adversary an opportunity to prepare a thorough opposition (and, if needed, an opportunity for oral argument) according to a predesigned, consistent timetable. As Judge Rymer noted:
>
>> Timetables for the submissions of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason.

883 F. Supp. 488, 491 (C.D. Cal. 1995)(citing to *In re Intermagnetics America, supra,* 101 B.R. at 193).

In the pending action, plaintiffs filed and served their remand motion on July 3, 2008, setting a hearing date of September 5, 2008, based on the availability of hearing dates on Judge White's calendar. If not for the unavailability of a sooner hearing date, plaintiffs would have been permitted by Northern District of California Local Rules to set their hearing for August 8, 2008, making VIAD's Opposition due no later than July 18, 2008. N.D. Cal. Local Rules 7-2(a) and 7-3(a). This Court's July 7, 2008, Order Setting Briefing Schedule orders VIAD to oppose the remand motion no later than July 21, 2008. (See Exhibit A to the Declaration of Whitney Davis In Support of Defendant's Ex Parte Application.)

In other words, this Court set a timetable for the submission of papers that is in keeping with the Court's Local Rules, is fair, and promotes the orderly and efficient resolution of disputes. VIAD's request for an extension of seven additional business days in order to obtain the declaration of a "shipbuilder expert" who is ostensibly out of the country fails to establish that VIAD would be unfairly prejudiced without the requested extension. First, plaintiffs object to the Davis Declaration as hearsay and lacking in foundation. Declarant fails to show how he knows that Mr. Cushing is "unavailable and out of the country," that Mr. Cushing qualifies as a shipbuilding expert, that Mr. Cushing "has vast experience, education and training as a naval architect and marine engineer," etc. F.R.C.P. 602 & 802. Second, defendant fails to show that the evidence it ostensibly cannot obtain between now and July 21, 2008, was unavailable for the past month, a showing that would be necessary to prove that VIAD was not merely dilatory in preparing its opposition. Third, VIAD fails to show that any different result would be effectuated by granting the requested extension.

VIAD removed this case on June 17, 2008. VIAD should have possessed sufficient evidence to remove this case by that date. It is now nearly one month later, and VIAD counsel attests that VIAD still lacks evidence of the existence of federal subject matter jurisdiction over this action. (Davis Declaration, ¶ 4.) Granting VIAD additional time to fish for evidence to rehabilitate its unsubstantiated, improper removal serves no just cause and imposes an unnecessary burden on plaintiffs and on this Court.

//
//
//
//
//
//

## III. CONCLUSION

Defendant has not shown good cause for the ex parte relief it seeks. VIAD fails to establish that it is irreparably prejudiced by the briefing schedule set by this Court and further fails to establish that it was without fault in creating this perceived crisis condition. Accordingly, plaintiffs respectfully request that this Court deny VIAD's ex parte motion for an extension of time.

DATED: July 16, 2008                    PAUL & HANLEY LLP

                                        By: _____
                                        Deborah R. Rosenthal
                                        Attorneys for Plaintiffs