1  Dean A. Hanley, Esq.   (State Bar No. 169507)
   Deborah R. Rosenthal, Esq. (State Bar No. 184241)
2  PAUL AND HANLEY LLP
   1608 Fourth Street, Suite 300
3  Berkeley, California 94710
   Telephone:  (510) 559-9980
4  Facsimile:   (510) 559-9970
   dhanley@paulandhanley.com
5  drosenthal@paulandhanley.com

6  Attorneys for Plaintiffs

7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

               SAN FRANCISCO DIVISION
11

12  JERI REDMAN, individually and as              )  Case No.: 08-cv-03013-BZ
    successor-in-interest to RONALD REDMAN,       )
13  deceased; and JERI REDMAN, AMY                )  **PLAINTIFFS' EX PARTE APPLICATION**
    REDMAN, DAVID C. REDMAN, MARK                 )  **FOR EXTENSION OF TIME TO REPLY**
14  REDMAN and PAUL REDMAN, as legal              )  **TO DEFENDANT VIAD**
    heirs of RONALD REDMAN, deceased,             )  **CORPORATION'S OPPOSITION TO**
15                                                )  **MOTION FOR REMAND**
                                                  )
16          Plaintiffs,                           )  **[FRCP 6; ND CA Local Rules 6-3, 7-2, 7-3 & 7-10]**
                                                  )
17  vs.                                           )
                                                  )
18  A.W. CHESTERTON, et al.,                      )
                                                  )
19          Defendants.                           )
                                                  )
20

21                 I.    INTRODUCTION

22      Plaintiffs apply for an order extending the deadline for Plaintiffs' Reply to Defendant's

23  Opposition to Plaintiffs' Motion for Remand.  On July 16, 2008, this Court granted defendant's

24  ex parte application for an extension of time to file its Opposition and set a briefing schedule that

25  gave defendant a total of 27 days to oppose plaintiffs' motion but left plaintiffs with only 7 days

26  to reply.  No other extensions have been requested or given.

27

28

1    Defendant's Opposition, served yesterday, consists of 1½ inches of paper, including a 27-

2    page brief, three supporting declarations, and a dozen exhibits.  Plaintiffs require a brief

3    extension of time to adequately respond to the issues and evidence raised in defendant's papers.

4    Good cause therefore exists for a one-week extension.  Although defendant refused to stipulate

5    to such an extension, defendant does not intend to oppose plaintiffs' request for an extension.

6    Furthermore, the hearing date for Plaintiffs' Motion is September 5, 2008, so there will be no

7    interference with the Court's calendar if the extension is granted.

8                      II.    STATEMENT OF FACTS

9        A. Procedural Background

10    Plaintiffs filed this survival and wrongful death action in California state court, pursuing

11    remedies under state tort law.  (San Francisco Superior Court Case No. 274616.)  On June 18,

12    2008, defendant VIAD CORPORATION filed a Notice of Removal, alleging that federal subject

13    matter jurisdiction existed based on 28 U.S.C. § 1442(a)(1) "because VIAD, as the alleged

14    successors-in-interest to GRISCOM RUSSELL/DIAL CORPORATION, was acting under an

15    officer or agency of the United States government, namely the United States Navy."  (VIAD's

16    Notice of Removal, attached as Exhibit A to the Declaration of Deborah R. Rosenthal filed

17    herewith, at ¶ 6.)  VIAD's removal petition offered no further explanation of the basis for its

18    removal.  Plaintiffs filed and served their Motion for Remand on July 3, 2008, setting a hearing

19    date of September 5, 2008.  Pursuant to Northern District of California Court Local Rules, this

20    rendered VIAD's opposition due August 15, 2008, and plaintiffs reply due August 22, 2008.

21        B.  Previous Time Modifications

22    On July 7, 2008, Hon. Jeffrey S. White set a briefing schedule that required VIAD to file

23    and serve its opposition no later than July 21, 2008, and plaintiffs to file and serve their reply no

24    later than July 28, 2008.  (Order Setting Briefing Schedule, attached to the Rosenthal Declaration

25    as Exhibit B.)  By the terms of this Order, VIAD had 18 days to oppose (15 days, not counting

26    the 4th of July weekend) and plaintiffs had 7 days to reply.

27

28

1    On July 15, 2008, VIAD sought an extension in time to oppose plaintiffs' motion. VIAD

2    contended that the extension was necessary because defendant "intends to oppose the motion for

3    remand largely through the declaration of shipbuilding expert Charles Cushing," who ostensibly

4    was on vacation in Germany and not due back until July 21, 2008. (VIAD's Ex Parte

5    Application for Extension of Time, attached to the Rosenthal Declaration as Exhibit C, at 2:7-24

6    of Application and ¶ 4 of the Declaration of Whitney Davis offered in support thereof.)

7    Plaintiffs opposed the extension on the grounds that VIAD created its own crisis by failing to

8    marshal facts and evidence necessary to establish federal subject matter jurisdiction before it

9    removed this case to federal court. On July 16, 2008, this Court granted VIAD's requested

10   extension and extended plaintiffs' time to reply by the same number of days. (Order Re: Ex Parte

11   Application, attached as Exhibit D.) Thus, by the terms of this Order, VIAD had 27 days to

12   oppose (24 days, not counting 4th of July weekend), and plaintiffs still had only 7 days to reply.

13   **C. VIAD's Opposition**

14   VIAD filed and served its Opposition on July 30, 2008. The Opposition consists of 1½

15   inches of paper, including a 27-page brief. The five-page Cushing Declaration, which VIAD

16   counsel attested was to be "critical" to the Opposition, is only one of three declarations. The

17   primary evidence supporting the Opposition appears to be the Affidavit of Rear Admiral Ben J.

18   Lehman, whose ten-page declaration is supported by six lengthy exhibits. (Plaintiffs request that

19   the Court take judicial notice of the Opposition currently on file and in the records of this Court.)

20   **III.  LEGAL ARGUMENT**

21   Pursuant to Northern District of California Local Rule 7-10, motions may be filed ex

22   parte when a statute, Federal Rule, Local Rule, or Standing Order authorizes the filing of an ex

23   parte motion under the circumstances, and the moving party complies with requisite procedures.

24   An ex parte motion for an order extending time is authorized by F.R.C.P. 6(b), which

25   provides:

26        (1) *In General.* When an act may or must be done within a specified time, the court
          may, for good cause, extend the time:

27

28

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow.

In addition, U.S. District Courts of California "generally require that the applicant demonstrate circumstances showing that (1) the applicant is not the cause of its own predicament, and (2) the order is 'needed' to avoid some type of harm." *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 2007 U.S. Dist. LEXIS 85849 at p. 2 (E.D. Cal. 2007)(citing to *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989); *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp 488, 492 (C.D. Cal. 1995); and *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001)).

## A.  Good cause exists for the requested one-week extension.

VIAD served plaintiffs with a substantial Opposition, consisting of a 27-page brief, three supporting declarations, and a dozen exhibits.  Plaintiffs require a brief extension of time to adequately respond to the issues and evidence raised in defendant's papers.  Plaintiffs will be severely prejudiced if they are not given sufficient time to address the significant amount of evidence newly presented; such prejudice would be particularly unfair in light of the fact that VIAD had far longer to prepare their papers than plaintiffs.

In contrast, there will be no prejudice to defendant nor to interference with the Court's calendar if the Court grants the requested extension.  Although defendant refused to stipulate to such an extension, defendant does not intend to oppose plaintiffs' request for an extension nor otherwise require or request rescheduling of the hearing date based on such an extension.  (Email correspondence between counsel, attached as Exhibit E.)  The September 5, 2008, hearing date will be unaffected if the extension is granted.

**B. Plaintiffs are not the cause of their own predicament.**

When VIAD removed this case to federal court, VIAD did so based solely on the allegation that federal subject matter jurisdiction existed based on 28 U.S.C. § 1442(a)(1) "because VIAD, as the alleged successors-in-interest to GRISCOM RUSSELL/DIAL CORPORATION, was acting under an officer or agency of the United States government, namely the United States Navy." (Exhibit A at ¶ 6.) VIAD gave plaintiffs no further information regarding the legal or evidentiary basis for its contention that removal was proper.

If VIAD had presented the Cushing and Lehman declarations and attached exhibits in support of its Notice of Removal, plaintiffs would have had a month to review, research, and address the substantive matters involved in these proceedings. Instead, VIAD waited until now to present evidence allegedly supporting removal, thereby depriving plaintiffs of a reasonable opportunity to address the facts and law at issue.

Because of the manner in which VIAD has conducted itself in these proceedings, plaintiffs require an additional seven days to reply to VIAD's Opposition. VIAD and not plaintiffs are the cause of plaintiffs' need for additional time.

## IV. CONCLUSION

For the forgoing reasons, plaintiffs respectfully request that this Court grant this application and allow plaintiffs an additional week to reply to VIAD's opposition.

DATED: July 31, 2008

PAUL & HANLEY LLP

By: _____
Deborah R. Rosenthal
Attorneys for Plaintiffs