

Dean A. Hanley, Esq.   (State Bar No. 169507)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL AND HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:   (510) 559-9970
dhanley@paulandhanley.com
drosenthal@paulandhanley.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERI REDMAN, individually and as successor-in-interest to RONALD REDMAN, deceased; and JERI REDMAN, AMY REDMAN, DAVID C. REDMAN, MARK REDMAN and PAUL REDMAN, as legal heirs of RONALD REDMAN, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON, et al.,<br><br>Defendants. | Case No.: 08-cv-03013-BZ<br><br>**DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO REPLY TO DEFENDANT VIAD CORPORATION'S OPPOSITION TO MOTION FOR REMAND**<br><br>**[FRCP 6; ND CA Local Rules 6-3, 7-2, 7-3 & 7-10]** |

I, Deborah R. Rosenthal, declare as follows:

1.     I am an attorney admitted to practice law before this Court and all the courts of the State of California and am an associate of Paul & Hanley LLP, attorneys of record for plaintiff herein.  The matters stated herein are true to my own personal knowledge, except as otherwise stated.  If called upon as a witness, I could and would testify to the following facts.

2.     Attached hereto as **Exhibit A** is a true and correct copy of VIAD's Notice of Removal, filed in this action on June 18, 2008.

---

DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO REPLY TO DEFENDANT VIAD CORPORATION'S OPPOSITION TO MOTION FOR REMAND

PAGE 1

S:\Clients\Plaintiffs\R\Redman, Ronald 10267\Fed Court Action\Ex parte app - DRR dec.doc

3.      Attached hereto as **Exhibit B** is a true and correct copy of this Court's Order Setting Briefing Schedule on Motion to Remand, issued July 7, 2008.

5.      Attached hereto as **Exhibit C** is a true and correct copy of defendant's "Ex Parte Application on behalf of defendant Viad Corp for extension of time within which to file opposition to pending motion for remand."

7.      Attached hereto as **Exhibit D** is a true and correct copy of this Court's Order granting defendant's requested extension of time to oppose plaintiffs' remand motion.

8.      Attached hereto as **Exhibit E** is a true and correct copy of email correspondence exchanged between plaintiffs counsel and defense counsel regarding plaintiffs' proposed stipulation and request for extension in time to reply.

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.  Executed on July 31, 2008, in Berkeley, California.

_____
Deborah R. Rosenthal

**DECLARATION OF DEBORAH R. ROSENTHAL IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO REPLY TO DEFENDANT VIAD CORPORATION'S OPPOSITION TO MOTION FOR REMAND**

PAGE 2

S:\Clients\Plaintiffs\R\Redman, Ronald 10267\Fed Court Action\Ex parte app - DRR dec.doc

**EXHIBIT "A"**

1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  **CHARTER DAVIS, LLP**
   Attorneys at Law
3  1730 I Street, Suite 240
   Sacramento, CA 95814
4  Telephone:    (916) 448-9000
   Facsimile:    (916) 448-9009
5
   Attorneys for Defendant VIAD CORP,
6  individually and as alleged successor-in-interest to
   GRISCOM-RUSSELL COMPANY and as alleged
7  successor-in-interest to DIAL CORPORATION

**Paul & Hanley LLP**

JUN 19 2008

☐ Mail
☐ Overnight
☐ Hand
Case Attorney
Forwarded to

*Paul & Hanley LLP*

JUN 9 2008

8

9          **UNITED STATES DISTRICT COURT**

10        **NORTHERN DISTRICT OF CALIFORNIA**

11 | JERI REDMAN, individually and as          )   Federal Case No.
   | successor-in-interest to RONALD            )
12 | REDMAN, deceased; and JERI REDMAN,         )   San Francisco County Superior Court
   | AMY REDMAN, DAVID C. REDMAN,               )   Case No. CGC-08-274617
13 | MARK REDMAN and PAUL REDMAN,               )
   | as legal heirs of RONALD REDMAN,           )
14 | deceased                                   )   **NOTICE OF REMOVAL OF ACTION**
   |                                            )   **PURSUANT TO 28 U.S.C. SECTIONS**
15 |              Plaintiffs,                   )   **1442(a)(1) AND 1446(a)**
   |                                            )
16 |       v.                                   )
   |                                            )
17 | A.W. CHESTERTON COMPANY et. al.            )
   |                                            )
18 |              Defendants.                   )
19 |

20        **TO THE CLERK OF THE ABOVE-REFERENCED COURT:**

21        **PLEASE TAKE NOTICE** that Defendant, VIAD CORP, individually and as alleged

22 successor-in-interest to Griscom-Russell/Dial Corporation (hereinafter "VIAD"), hereby

23 removes to this Court the state court action described below, pursuant to 28 U.S.C. sections

24 1442(a)(1) and 1446(a).

25                        **PRELIMINARY MATTERS**

26        1.      On April 16, 2008, Plaintiff JERI REDMAN, individually and as successor-in-

27 interest to RONALD REDMAN, deceased; and AMY REDMAN, DAVID C. REDMAN,

28 MARK REDMAN and PAUL REDMAN, as legal heirs of RONALD REDMAN, deceased ,

                                    1

1    filed this lawsuit ("Complaint") in the Superior Court of the State of California, County of

2    San Francisco, Case No. CGC-08-274617, and entitled *JERI REDMAN, et. al. vs. A.W.*

3    *CHESTERTON et. al.*.  A true and correct copy of the Complaint is attached hereto as Exhibit

4    "A."

5        2.    Defendant VIAD CORP ("VIAD") first received the Complaint on May 23,

6    2008, with a Summons reflecting that service of process took place by process server on

7    VIAD's authorized agent on May 23,  2008.  A true and correct copy of the Summons is

8    attached hereto included in Exhibit "B".

9        3.    This Notice of Removal is timely in that it is filed within 30 days of service of

10   the Complaint.

11

12                          **NATURE OF THE CASE**

13       4.    This case is based upon decedent RONALD REDMAN developing an asbestos-

14   related disease, specifically mesothelioma, caused by his alleged exposure to asbestos dust and/or

15   fibers.

16       5.    Plaintiffs' pled claims include failure to warn based negligence/survival, loss of

17   consortium, intentional tort/survival, wrongful death, wrongful death-negligence, wrongful death-

18   strict liability, as against VIAD, individually, and as alleged successor-in-interest to GRISCOM-

19   RUSSELL COMPANY/DIAL CORPORATION.

20                              **CONCLUSION**

21       6.    Removal of this action is proper under 28 U.S.C. §1442, because it is a civil action

22   brought in a state court, and the federal district courts have original jurisdiction over the subject

23   matter pursuant to 28 U.S.C. §1442(a)(l) because VIAD, as the alleged successors-in-interest to

24   GRISCOM RUSSELL/DIAL CORPORATION, was acting under an officer or agency of the

25   United States government, namely the United States Navy.

26

27

28

THEREFORE, VIAD, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, remove this action for trial from the Superior Court of the State of California for the County of San Francisco.

Dated: June 17, 2008                    **CHARTER DAVIS, LLP**


By: _____
Whitney A. Davis
Attorneys for Viad Corp individually and as alleged successor-in-interest to Griscom-Russell Company and Dial Corporation

**EXHIBIT "B"**

United States District Court

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 JERI REDMAN, ET AL.,

10         Plaintiffs,                No. C 08-03013 JSW

11    v.

12 A W CHESTERTON COMPANY, ET AL.,     **ORDER SETTING BRIEFING SCHEDULE ON MOTION TO**

13         Defendants.                 **REMAND**

14 _____/

15       This matter is set for a hearing on September 5, 2008 on Plaintiffs' motion to remand.

16 The Court HEREBY ORDERS that an opposition to the motion shall be filed by no later than

17 July 21, 2008 and a reply brief shall be filed by no later than July 28, 2008

18       If the Court determines that the matter is suitable for resolution without oral argument, it

19 will so advise the parties in advance of the hearing date. If the parties wish to modify this

20 schedule, they may submit for the Court's consideration a stipulation and proposed order

21 demonstrating good cause for any modification requested.

22

23     **IT IS SO ORDERED.**

24

25 Dated: July 7, 2008

26                           JEFFREY S. WHITE

                            UNITED STATES DISTRICT JUDGE

27

28

**EXHIBIT "C"**

1   WHITNEY A. DAVIS, SBN 149523
    MARIA S. ROSENFELD, SBN 186116
2   CHARTER DAVIS, LLP
    1730 I Street, Ste. 240
3   Sacramento, CA  95814
    (916) 448-9000
4   (916) 448-9009

5   Attorneys for Defendant VIAD CORP,
    individually and as alleged successor-in-interest to
6   GRISCOM-RUSSELL COMPANY and alleged
    successor-in-interest to DIAL CORPORATION

7

8

9

10              UNITED STATES DISTRICT COURT

          FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

               SAN FRANCISCO DIVISION
12

13   JERI REDMAN, individually and as     )   Case No.  08-CV-03013-JSW
    successor-in-interest to RONALD REDMAN, )
14   deceased; and JERI REDMAN, AMY     )
15   REDMAN, DAVID C. REDMAN, MARK   )   **EX PARTE APPLICATION ON BEHALF**
    REDMAN and PAUL REDMAN, as legal   )   **OF DEFENDANT VIAD CORP FOR**
16   heirs of RONALD REDMAN, deceased,   )   **EXTENSION OF TIME WITHIN WHICH**
                               )   **TO FILE OPPOSITION TO PENDING**
17                             )   **MOTION FOR REMAND**
             Plaintiffs,     )
18                           )
19       v.                  )
                          )
20   A.W. CHESTERTON COMPANY et. al.   )
                          )
21            Defendants.     )
    _____)
22

23                        **I.**

24                **INTRODUCTION**

25       Defendant Viad Corp, individually and as alleged successor in interest to Griscom

26   Russell/Dial Corporation applies herein for an Order extending its time to file an opposition to

27   plaintiff's pending motion for remand.  No prior request for any extension of time has been made.

28       Plaintiffs filed their wrongful death asbestos related injury complaint in California state

    court (San Francisco County Superior Court Case No. CGC-08-274616.)  On or about June 18,

                                 1

1   2008, Defendant Viad Corp, individually and as alleged successor in interest to Griscom Russell

2   Company/Dial Corporation, filed a notice of removal given that federal courts have original

3   jurisdiction under 28 U.S.C. § 1442(a)(1) because defendant was acting under an officer or

4   agency of the United States when it committed any alleged acts pled within plaintiffs' complaint

5   and giving rise to plaintiffs' alleged injuries.  In response, on or about July 3, 2008 plaintiffs filed

6   and served a motion for remand.  Upon receipt of the plaintiffs' motion for remand, the

7   Honorable Jeffrey S. White set a briefing schedule.  Per the briefing schedule, the motion is set

8   for September 5, 2008.  The opposition papers are presently due July 21, 2008.  Plaintiffs' reply is

9   due July 28, 2008.  The order setting briefing schedule further recites "If the parties wish to

10  modify this schedule, they may submit for the Court's consideration a stipulation and proposed

11  order demonstrating good cause for any modification requested." (**Exhibit A** to the

12  accompanying declaration of Whitney A. Davis, July 7, 2008 Order Setting Briefing Schedule on

13  Motion to Remand.)  Although stipulation on this issue was routed to plaintiffs' counsel,

14  plaintiff's counsel apprised they would not execute the same.

15          The present ex parte application requests that the Court extend the time for filing

16  defendant's opposition papers to the pending motion for remand up to and including **July 30,**

17  **2008.**  Good cause exists for this extension given that defendant Viad Corp intends to oppose the

18  motion for remand largely through the declaration of shipbuilding expert Charles Cushing whose

19  knowledge regarding the requirements utilized by the U.S. Navy during the construction phase of

20  vessels (as those requirements apply to suppliers/contractors) is central to application of the

21  government contractor defense at the heart of the instant remand motion. Viad Corp has learned,

22  however, that Charles Cushing is presently on vacation in Germany and not due back until July

23  21, 2008.  For this reason, defendant Viad asks for an extension through July 30, 2008, in order to

24  allow attorneys for defendant Viad Corp at least **7 business days** to confer with Mr. Cushing

25  regarding a supporting declaration to be filed on behalf of Charles Cushing, finalize/obtain

26  signature on the declaration, and integrate the declaration within the opposing memorandum.

27  Defendant further requests that the Court grant plaintiff a concurrent extension of time within

28  which to file their reply briefing.  Additionally, to the extent this Court deems that the hearing

EX PARTE APPLICATION AND ORDER RE: EXTENSION OF TIME TO OPPOSE MOTION FOR REMAND
CASE NO. 08-CV-03013-JSW

1  date should be moved out to accommodate the new briefing schedule, defendant has no

2  opposition to the same.  Given, however, that the hearing is set out for September 5, 2008,

3  defendant presumes the motion hearing date can remain on calendar as scheduled.

**II.**

**APPLICABLE LAW**

6      According to Northern District of California Rule 7-10, ex parte motions may be filed

7  when a statute, Federal Rule, Local Rule, or standing order authorizes the filing of an ex parte

8  motion under the circumstances, and the party filing the ex parte motion has complied with

9  applicable provisions. (N.D. Cal. Rule 7-10.)

10      An ex parte motion for an order extending time or continuing a motion is authorized by

11  Federal Rules of Civil Procedure, Rule 6(b), which states:

> When an act may or must be done, within a specified time, the court may, for
> good cause, extend the time:  (A) with or without motion or notice if the court
> acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because
> of excusable neglect... but it may not extend the time for taking any action
> under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), except to the
> extent and under the conditions stated in them.

17      A party moving for ex parte relief must show that it will be irreparably prejudiced if the

18  underlying motion is heard according to regular noticed procedures. (*Mission Power Engineering

19  Company v. Continental Casualty Company, et al.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995.)

20  Further, "it must be established that the moving party is without fault in creating the crisis that

21  requires ex parte relief or that the crisis occurred as a result of excusable neglect." (*Id.* at 492.)

22      The motion for remand is set to be heard September 5, 2008.  Defendant's opposition is

23  presently due July 21, 2008.  Thus, the timeframe for opposition has not yet expired.  No prior

24  extension has been requested by this moving party in this action.  (Declaration of Whitney A.

25  Davis at ¶ 6.) Therefore, this ex parte application is proper under Federal Rules of Civil

26  Procedure Rule 6(b) and Northern District of California Local Rule 7-10.  Additionally, in this

27  particular case, the briefing schedule was set by the Court.  In the briefing schedule order, the

28  Court specifically allows for modification of the order upon good cause.  (**Exhibit A.**)

1    Lastly, defense counsel tried to avoid the need for formal motion/ex parte application by

2 requesting that plaintiffs' counsel demonstrate some professional courtesy in light of the situation

3 whereby defendant's expert is literally out of the country and unavailable to oppose the remand

4 motion on the briefing schedule presently set.  No signature was forthcoming on the stipulation

5 from plaintiff's counsel, and in fact plaintiff's counsel orally affirmed they did not intend to

6 stipulate, forcing this application seeking ex parte relief under Fed. R. Civ. P. 6(b). (See

7 Declaration of Whitney A. Davis at ¶ 5.)

8    As set forth in more detail below, good cause exists for this extension given that defendant

9 Viad Corp's supporting expert, Charles Cushing is presently out of the country.

### III.

### GOOD CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION

13    Defendant Viad Corp demonstrates, by and through the concurrently filed declaration of

14 Whitney A. Davis, that it has demonstrated that good cause exists to grant the instant request to

15 extend the due date for opposition to plaintiff's motion for remand.  As stated above, defendant

16 Viad Corp intends to oppose the motion for remand largely through the declaration of

17 shipbuilding expert Charles Cushing.  Viad Corp has just learned, however, that Charles Cushing

18 is presently on vacation in Germany and not due back until July 21, 2008.  (Declaration of

19 Whitney A. Davis at ¶ 4.)  Defendant Viad Corp cannot substantively oppose the pending motion

20 without input/declaration from expert Charles Cushing.  More specifically, Charles Cushing is

21 president of C.R. Cushing & Co., Inc., Naval Architects, Marine Engineers and Transportation

22 Consultants.  His declaration will be critical to Viad Corp's intended remand opposition.  (*Id.*

23 Declaration of Whitney A. Davis.)  His declaration will be critical to Viad Corp's intended

24 remand opposition. Charles Cushing has vast experience, education and training as a naval

25 architect and marine engineer, including involvement in the design, construction, and/or

26 conversion of ocean-going vessels, critical to explaining to the Court issues including, for

27 example, the design and plans of the ships placed at issue by plaintiff's remand motion.  Charles

28 Cushing has great familiarity/knowledge with regard to the requirements utilized by the U.S.

Navy during the construction phase of vessels (such as those at issue here) and how those

1   requirements apply to suppliers/contractors. (*Id.*)  Standards involving the U.S. Navy's

2   specifications as regards to equipment manufactured for the vessels at issue are central to

3   application of the government contractor defense, at the heart of the instant  motion for remand.

4   (*Id.*)

5          Defense counsel tried to avoid the need for formal motion/ex parte application by

6   requesting that plaintiffs' counsel demonstrate some professional courtesy in light of the situation

7   whereby defendant's expert is literally out of the country and unavailable to oppose the remand

8   motion on the briefing schedule presently set.  Plaintiffs declined to send over any executed

9   stipulation as requested, forcing this application seeking ex parte relief under Fed. R. Civ. P. 6(b)

10  (*Id.*)

11         Should the Court grant this brief extension, plaintiffs will suffer no prejudice for

12  defendant is willing to have the Court extend the timeline for reply briefing as well.  Additionally,

13  given that the motion is not set to be heard until September 5, 2008 the actual hearing date will

14  likely remain unaffected.  Alternatively, defendant Viad Corp will suffer extreme prejudice if not

15  permitted to file the substantive declaration of Charles Cushing in support of its opposition to

16  remand.  Stated simply, Charles Cushing's substantive testimony is expected to illustrate the

17  exacting nature of U.S. Navy specifications, thus applying the government contractor defense to

18  the instant case.

19         Based upon the foregoing, defendant Viad Corp respectfully requests that the Court grant

20  it an additional **7 business days**, up to and including **July 30, 2008** within which to file its

21  opposition papers to plaintiffs' presently pending motion for remand.  Such time will be

22  necessary to confer with Viad Corp's intended expert, fashion his declaration as it pertains to the

23  present case, and integrate the same into the opposing memorandum.

24

25

26

27

28

EX PARTE APPLICATION AND ORDER RE: EXTENSION OF TIME TO OPPOSE MOTION FOR REMAND
CASE NO.  08-CV-03013-JSW

# IV.

## CONCLUSION

Based upon the foregoing, defendant Viad Corp respectfully requests that the Court grant it an additional 7 business days, up to and including July 30, 2008 within which to file its opposition papers to plaintiffs' presently pending motion for remand. Defendant Viad Corp will suffer great prejudice if the requested relief is not granted, (being forced to file its opposition without the support of its key expert in this matter, Charles Cushing.) Defendant Viad Corp has demonstrated good cause for the requested relief.

DATED: July 15, 2008                    CHARTER DAVIS, LLP


                                        __/s/ Whitney A. Davis_____
                                        WHITNEY A. DAVIS

**EXHIBIT "D"**

1 | WHITNEY A. DAVIS, SBN 149523
MARIA S. ROSENFELD, SBN 186116
2 | CHARTER DAVIS, LLP
1730 I Street, Ste. 240
3 | Sacramento, CA 95814
(916) 448-9000
4 | (916) 448-9009

5 | Attorneys for Defendant VIAD CORP,
individually and as alleged successor-in-interest to
6 | GRISCOM-RUSSELL COMPANY and alleged
successor-in-interest to DIAL CORPORATION

7

8

9

10 | UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13

14 | JERI REDMAN, individually and as          ) Case No.  08-CV-03013-JSW
successor-in-interest to RONALD REDMAN,    )
15 | deceased; and JERI REDMAN, AMY           )
REDMAN, DAVID C. REDMAN, MARK              ) [PROPOSED] ORDER RE: EX PARTE
16 | REDMAN and PAUL REDMAN, as legal         ) APPLICATION BY DEFENDANT VIAD
heirs of RONALD REDMAN, deceased,          ) CORP FOR EXTENSION OF TIME
17 |                                           ) WITHIN WHICH TO FILE OPPOSITION
                                            ) TO PENDING MOTION FOR REMAND
18 |              Plaintiffs,                  )
                                            )
19 |     v.                                   )
                                            )
20 | A.W. CHESTERTON COMPANY et. al.          )
                                            )
21 |              Defendants.                 )
                                            )
22 | _____)

23 | Having considered Defendant Viad Corp's exparte application for an extension of time within

24 | which to file its opposition to Plaintiffs' pending Motion for Remand, and finding good cause

25 | therefore,

26

27

28

1
ORDER RE:
EX PARTE APPLICATION AND ORDER RE: EXTENSION OF TIME TO OPPOSE MOTION FOR REMAND
CASE NO.  08-CV-03013-JSW

1    IT IS HEREBY ORDERED that Defendant Viad Corp shall have up to and including

2    July 30, 2008
     _____ within which to file its opposition to the pending motion for remand.

3                                                    August 6, 2008
     Plaintiffs thereafter shall have up to and including _____ within which to

4
     file their reply briefing.  The motion for remand shall be heard on  September 5, 2008  at

5
     9:00 a.m. _____ in Department  Courtroom 2 _____

6

7

8             July 16, 2008
     Dated: _____                        *Jeffrey S White*

9                                          U.S. DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2
                              ORDER RE:
     EX PARTE APPLICATION AND ORDER RE: EXTENSION OF TIME TO OPPOSE MOTION FOR REMAND
                        CASE NO.  08-CV-03013-JSW

**EXHIBIT "E"**

## Deborah R. Rosenthal (DRR)

| | |
|---|---|
| **From:** | Mia S. Rosenfeld [MSR@Charter-Davis.com] |
| **Sent:** | Thursday, July 31, 2008 10:26 AM |
| **To:** | Deborah R. Rosenthal (DRR) |
| **Cc:** | Whitney A. Davis; wdavislaw@comcast.net |
| **Subject:** | RE: Redman v Viad - stip for extension of time? |

Deborah,

We are presently unable to stipulate to your extension request (although we likely would have had authority to so stipulate had your office stipulated to our extension request, and asked for a reciprocal courtesy extension *at that time*.)  As you know, you not only refused to stipulate to our brief extension request, but also proceeded to file formal opposition papers to further hinder the Court's ability to quickly rule on the issue.  Accordingly, at this time, we will defer to the Court's discretion as far as a ruling on your extension.  Notwithstanding, please be advised that, at this time, we do not intend to formally oppose your extension papers so long as they track your email request, seeking an extension to August 13, 2008 and do not otherwise require/request rescheduling of the currently set hearing date. However, not having seen your formal papers, we do reserve the right to submit opposition as may otherwise become necessary. Thank you.


-----Original Message-----
**From:** Deborah R. Rosenthal (DRR) [mailto:DRosenthal@paulandhanley.com]
**Sent:** Wednesday, July 30, 2008 6:28 PM
**To:** Mia S. Rosenfeld; Whitney A. Davis
**Subject:** Redman v Viad - stip for extension of time?

Dear Counsel

I am in receipt of your Opposition to Plaintiffs' Motion for Remand.  When you requested an extension to oppose, you stated that you required the extension in order to obtain the Declaration of Charles Cushing, whose testimony was critical to the Opposition and who was out of the country.  You obtained the extension based on this testimony.

However much if not most of your Opposition is based on the Declaration of Ben Lehman, which has extensive exhibits attached.

In addition, by regular noticed motion, you would have had 14 days to oppose Plaintiffs' Motion, and I would have had 7 days after receiving your Opposition to Reply.

Your requested extension resulted in you getting 28 days to oppose, yet still left me with only 7 days to reply.

Based on the foregoing, I ask that you execute the attached stipulation and agree to a 7 day extension for my reply papers, allowing them to be filed up to and including August 13, 2008.

If I receive this stipulation by or before tomorrow at noon, I will file it concurrently with a proposed order.

If you decline to stipulate, I will file an ex parte request with the Court for the extension.

If I do not hear back from you, I will assume you are not willing to stipulate.

<<VIAD remand motion - stip re extension.doc>>

Deborah R. Rosenthal
Attorney
(510) 559-9980 Ext.240
DRosenthal@PaulandHanley.com
============================================================
NOTICE: This message is intended solely for the use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the address via the U.S. Postal Service and electronic mail as follows:

PAUL & HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone: (510) 559-9980
Facsimile: (510) 559-9970
www.PaulandHanley.com