1  Dean A. Hanley, Esq.  (State Bar No. 169507)
   Deborah R. Rosenthal, Esq.  (State Bar No. 184241)
2  PAUL & HANLEY LLP
   1608 Fourth Street, Suite 300
3  Berkeley, California 94710
   Telephone:  (510) 559-9980
4  Facsimile:   (510) 559-9970
   dhanley@paulandhanley.com
5  drosenthal@paulandhanley.com
   Attorneys for Plaintiffs
6

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12 | JERI REDMAN, individually and as              ) Case No.: 08-cv-03013-JSW
   | successor-in-interest to RONALD REDMAN,      )
13 | deceased; and JERI REDMAN, AMY               )
   | REDMAN, DAVID C. REDMAN, MARK                ) **PLAINTIFFS' OBJECTIONS TO**
14 | REDMAN and PAUL REDMAN, as legal             ) **EVIDENCE OFFERED BY VIAD**
   | heirs of RONALD REDMAN, deceased,            ) **CORPORATION**
15 |                                               )
16 |       Plaintiffs,                             )
   |                                               )
17 | vs.                                           )
   |                                               )
18 | A.W. CHESTERTON, et al.,                      ) Date:       September 5, 2008
   |                                               ) Time:       9:00 a.m.
19 |       Defendants.                             ) Courtroom:  2, 17th Floor
   |                                               ) Judge:      Jeffrey White
20

21      Plaintiffs hereby object to the following evidence presented by defendant VIAD

22 CORPORATION in connection with VIAD's Opposition to Plaintiffs' Motion for Remand set

23 for hearing on September 5, 2008 before this court:

24 ///

25 ///

26 ///

27 ///

28
**PLAINTIFFS' OBJECTIONS TO EVIDENCE OFFERED BY VIAD CORPORATION**
                                                                                    PAGE 1

**Exhibits to the Declaration of Whitney Davis**

1. Transcript of Trial Testimony of Peter J. Novak in *Payne v. Saberhagen Holdings et. al.*, King County Super. Ct., Washington, Civil Action No. 05-2-35924-2 SEA (attached as Ex. 1 to the Davis Decl.) at 12:8-13:25 & 32:1-16.

   Hearsay within hearsay, not subject to any exceptions; lacks foundation. Also, irrelevant whether BLH every manufactured or sold marine distilling plants using its own name or the name of Griscom-Russell, since the evidence will show that Griscom-Russell merged into BLH.

   FED. R. EVID. 401, 402, 602, 802 & 805.

2. Transcript of Deposition Testimony of Henry A. Rentschler in *Payne v. Saberhagen Holdings et. al.*, King County Superior Court, Washington, Civil Action No. 05-2-35924-2 SEA, attached as Ex. 2 to the Davis Decl., at 55:23-57:23, 61:15-22, 77:12-14.

   Lacks foundation, hearsay.

   FED. R. EVID. 602 & 802.

3. Transcript of Deposition Testimony of Henry A. Rentschler in *Payne v. Saberhagen Holdings et. al.*, King County Superior Court, Washington, Civil Action No. 05-2-35924-2 SEA, attached as Ex. 2 to the Davis Decl., at 75:2-76:3

   Hearsay within hearsay, lacks foundation.

   FED. R. EVID. 602 & 802.

4. Transcript of Deposition Testimony of Peter J. Novak in *Andregg v. A.W. Chesterton Co., et. al.*, San Francisco Super. Ct., Case No. 274208, attached as Ex. 3 to the Davis Decl., at 32:13-38:16.

Hearsay within hearsay, not subject to any exceptions; lacks foundation. Also irrelevant to the issues determinative of whether this Court possesses subject matter jurisdiction over this action.

FED. R. EVID. 401, 402, 602, 802 & 805.

**Declaration of Charles Cushing**

5. Cushing Decl., ¶ 1.

   Irrelevant, lacks foundation. Naval architect and engineering education and experience does not qualify the affiant to testify as an expert on industrial hygiene issues including the U.S. Navy's knowledge about and protocol regarding safety standards and requirements regarding warnings of health hazards aboard Naval vessels. Evidence and expertise related to manufacture, design, construction, or conversion of ocean-going vessels do not tend to prove or disprove any material facts at issue here.

   Furthermore, affiant lacks experience, education, or training with regard to the United States Navy and therefore does not qualify as an expert in U.S. Navy specifications, vessel construction, protocols or procedures. (See Ex. 1 to the Cushing Decl.; see also Cushing Deposition Testimony in *Simonetta v. Saberhagen Holdings, Inc., et. al.*, King County Super. Ct., Washington, Case No. 04-2-02874-4 SEA, attached as Ex. 1 to the Declaration of Deborah Rosenthal filed in support of Plaintiffs' Reply, at 12:6-13:22.)

   FED. R. EVID. 401, 402, 602, 702 & 703.

6. Cushing Decl., ¶ 2.

   Irrelevant, lacks foundation. Evidence and expertise related to manufacture, design, construction, or conversion of ocean-going vessels do not tend to prove or disprove

whether Viad's duty to warn under state law substantially conflicts with U.S. Navy requirements regarding warnings of safety hazards.

Furthermore, affiant lacks experience, education, or training with regard to the United States Navy and therefore does not qualify as an expert in U.S. Navy specifications, vessel construction, protocols or procedures. (See Ex. 1 to the Cushing Decl.; see also Cushing Deposition Testimony in *Simonetta v. Saberhagen Holdings, Inc., et. al.*, King County Super. Ct., Washington, Case No. 04-2-02874-4 SEA, attached as Ex. 1 to the Declaration of Deborah Rosenthal filed in support of Plaintiffs' Reply, at 12:6-13:22.)

FED. R. EVID. 401, 402, 702 & 703.

7. Cushing Decl., ¶ 3.

<u>Irrelevant, hearsay, lacks foundation, not properly the subject of expert testimony.</u>
The issue of decedent's exposure aboard a particular ship is irrelevant to the determination of whether or not federal subject matter jurisdiction exists. It is also not properly the subject of expert testimony. In addition, affiant's statements are based on information and belief without explanation of what information supports his belief. Experts may only rely on hearsay and other matters as bases for their opinions if the information is of a type reasonably relied on by experts in the same particular field in forming opinions or inference on the subject. Furthermore, affiant is not an expert on the matters at issue here, and he lacks personal knowledge of the facts in this paragraph.

Furthermore, affiant lacks experience, education, or training with regard to the United States Navy and therefore does not qualify as an expert in U.S. Navy specifications, vessel construction, protocols or procedures. (See Ex. 1 to the Cushing Decl.; see also Cushing Deposition Testimony in *Simonetta v. Saberhagen Holdings, Inc., et. al.,* King County Super. Ct., Washington, Case No. 04-2-02874-4 SEA,

attached as Ex. 1 to the Declaration of Deborah Rosenthal filed in support of Plaintiffs' Reply, at 12:6-13:22.)

FED. R. EVID. 401, 402, 602, 702, 703 & 802.

8. Cushing Decl., ¶ 4.

<u>Hearsay, lacks foundation, not properly the subject of expert testimony.</u>
Affiant's statements are based on information and belief without explanation of what information supports his belief. Experts may only rely on hearsay and other matters as bases for their opinions if the information is of a type reasonably relied on by experts in the same particular field in forming opinions or inference on the subject. Furthermore, affiant is not an expert on the matters at issue here, and he lacks personal knowledge of the facts in this paragraph.

FED. R. EVID. 602, 702, 703 & 802.

9. Cushing Decl., ¶ 5.

<u>Irrelevant, lacks foundation, not properly the subject of expert testimony.</u> Neither the issue of decedent's exposure aboard a particular ship nor the issue of a particular Naval ship's history is relevant to the determination of whether or not federal subject matter jurisdiction exists; nor are either matters properly the subject of expert testimony. Furthermore, affiant is not an expert on the matters at issue here, and he lacks personal knowledge of the facts in this paragraph.

FED. R. EVID. 401, 402 & 702.

10. Cushing Decl., ¶¶ 6-10.

<u>Irrelevant, lacks foundation, not properly the subject of expert testimony.</u> Neither the issue of decedent's exposure aboard a particular ship nor the issue of a particular Naval ship's history is relevant to the determination of whether or not federal subject

matter jurisdiction exists; nor are either matters properly the subject of expert testimony. Furthermore, affiant is not an expert on the matters at issue here, and he lacks personal knowledge of the facts in this paragraph.

FED. R. EVID. 401, 402 & 702.

11. Cushing Decl., ¶ 11.

<u>Irrelevant, hearsay, lacks foundation, not properly the subject of expert testimony.</u>
First, evidence and expertise related to manufacture, design, and installation of defendant's products does not tend to prove or disprove whether Viad's duty to warn under state law substantially conflicts with U.S. Navy requirements regarding warnings of safety hazards.

Second, affiant's testimony regarding the contents of U.S. Navy specifications—*i.e.*, what Navy specifications precluded or required—is hearsay.
Third, the contents of Navy specifications are not properly the subject of opinion testimony.

Fourth, evidence of the content of a writing must be proven by the writing itself. Fifth, affiant fails to state the factual and evidentiary bases for his conclusions. Experts may only rely on hearsay and other matters as bases for their opinions if the information is of a type reasonably relied on by experts in the same particular field in forming opinions or inference on the subject. The opinion offered is therefore impermissibly speculative and unfounded.

Sixth, affiant is not qualified to testify as an expert with regard to the United States Navy, U.S. Navy specifications, vessel construction, protocols or procedures; nor industrial hygiene issues, including safety programs and protocol, warnings and cautionary statements concerning alleged health hazards, and the health hazards resulting from use or maintenance of certain aboard Naval vessels

FED. R. EVID. 401, 402, 602, 702, 703, 802, 1001-1004.

12. Cushing Decl., ¶ 12.

<u>Irrelevant, hearsay, lacks foundation, not properly the subject of expert testimony.</u> Evidence that Viad "would have been required to follow any specifications" for instruction manuals and "would have had no discretion to deviate from such specifications" is irrelevant to the issues determinative of whether federal subject matter jurisdiction exists absent evidence that the U.S. Navy specified that manufacturers could not provide the type of warnings state law requires. Defendant fails to present admissible evidence of this essential fact.

Affiant's testimony that U.S. Navy specifications precluded warnings is hearsay. Furthermore, evidence of the content of a writing must be proven by the writing itself; thus, affiant's testimony is not admissible evidence of the content of either the Navy specifications or the instruction manuals.

Affiant also fails to state the factual and evidentiary bases for his conclusions. Experts may only rely on hearsay and other matters as bases for their opinions if the information is of a type reasonably relied on by experts in the same particular field in forming opinions or inference on the subject. The opinion offered is therefore impermissibly speculative and unfounded.

Fourth, affiant, whose education, training, and experience relates to naval architecture and engineering, is not an expert on the subject of instruction manuals and has no personal knowledge thereof. Nor is he qualified to testify as an expert with regard to the United States Navy, U.S. Navy specifications, vessel construction, protocols or procedures; nor industrial hygiene issues, including safety programs and protocol, warnings and cautionary statements concerning alleged health hazards, and the health hazards resulting from use or maintenance of certain aboard Naval vessels FED. R. EVID. 401, 402, 602, 702, 703, 802, 1001-1004.

1   13. Cushing Decl., ¶ 13.

<u>Irrelevant, hearsay, lacks foundation, not properly the subject of expert testimony.</u>
Evidence that warnings affixed to equipment "would not have been visible to the distiller operators or repair personnel" is irrelevant to the issues of determinative of whether federal subject matter jurisdiction—namely, whether Viad sold the same products commercially and whether Viad's duty to warn under state law substantially conflicts with U.S. Navy requirements regarding warnings of safety hazards. The manner in which the distillers were insulated also is irrelevant. Furthermore, U.S. Navy specifications regarding design and how shipyards should insulate equipment are irrelevant, and affiant's testimony about the contents of those specifications are hearsay.

In addition, evidence of the content of a writing must be proven by the writing itself and not by testimony describing the content of the writing.

Affiant also lacks experience, education, or training with regard to the United States Navy and therefore does not qualify as an expert in U.S. Navy specifications, vessel construction, protocols or procedures. (See Ex. 1 to the Cushing Decl.; see also Cushing Deposition Testimony in *Simonetta v. Saberhagen Holdings, Inc., et. al.*, King County Super. Ct., Washington, Case No. 04-2-02874-4 SEA, attached as Ex. 1 to the Declaration of Deborah Rosenthal filed in support of Plaintiffs' Reply, at 12:6-13:22.)

FED. R. EVID. 401, 402, 602, 702, 703, 802, 1001-1004.

14. Cushing Decl., ¶¶ 14 & 15.

<u>Irrelevant, hearsay, lacks foundation.</u>

First, as affiant himself states, affiant's opinion that Plaintiffs' Ex. H was written for use by the U.S. Navy is only relevant to the issue of whether Viad sold its distillers commercially. Affiant previously testified that with regard to its distilled

plants, "Griscom Russell manufactured both for the commercial market, as well as the Naval market, and the product was very, very similar." (Cushing Deposition Testimony in *Simonetta v. Saberhagen Holdings, Inc., et. al.*, King County Super. Ct., Washington, Case No. 04-2-02874-4 SEA, attached as Ex. 1 to the Declaration of Deborah Rosenthal in support of Plaintiffs' Reply, at 100:10-18; see also Cushing Deposition Testimony in *Andregg v. A.W. Chesterton Co., et. al.*, S.F. Super. Ct. Case No. 274208, attached as Ex. 2 to the Rosenthal Decl. filed herewith, at 11:10-16, in which Mr. Cushing testified that he had worked with Griscom-Russell evaporators on commercial vessels in the course of his career.) His opinion testimony regarding the 1945 manual entitled "Instructions for Operation, Care and Maintenance of Griscom-Russell Navy Type Low Pressure Distilling Plant" is therefore irrelevant.

Second, affiant, whose education, training, and experience relates to naval architecture and engineering, is not an expert on the subject of instruction manuals; nor does he possess the requisite degree of experience, education, or training with regard to the United States Navy to qualify as an expert in U.S. Navy specifications, vessel construction, protocols or procedures. (See Ex. 1 to the Cushing Decl.; see also Cushing Deposition Testimony in *Simonetta v. Saberhagen Holdings, Inc., et. al.*, King County Super. Ct., Washington, Case No. 04-2-02874-4 SEA, attached as Ex. 1 to the Declaration of Deborah Rosenthal filed in support of Plaintiffs' Reply, at 12:6-13:22.)

Third, affiant does not state the bases for his opinion, and his opinion is only admissible if it is based on information of a type reasonably relied on by experts in the same particular field. The opinion offered is therefore impermissibly speculative and unfounded.

FED. R. EVID. 401, 402, 702, 703.

///

///

**Declaration of Rear Admiral (USN, Retired) Ben J. Lehman**

15. Lehman Decl., ¶ 1

<u>Irrelevant, lacks foundation.</u> Naval architect and engineering education and experience does not qualify the affiant to testify as an expert on industrial hygiene issues such as asbestos hazards or the U.S. Navy's knowledge about and protocol regarding safety standards and requirements regarding warnings of health hazards aboard Naval vessels. His testimony about design, manufacture, and engineering matters does not tend to prove or disprove issues determinative to whether this Court has subject matter jurisdiction—*i.e.*, whether Viad offered the same asbestos-containing products commercially or whether Viad's duty to warn under state law substantially conflicts with U.S. Navy mandates regarding warnings.

FED. R. EVID. 401, 402, 702, 703.

16. Lehman Decl., ¶ 2

<u>Irrelevant, lacks foundation</u>

Affiant's familiarity with plans, designs, and specifications used in the construction and repair of commercial and Navy ships does not render him qualified to offer an opinion about whether the Navy permitted or prohibited warnings in instruction manuals; and his familiarity with Navy regulations does not render his testimony about the contents of those regulations admissible. The content of a writing is not a proper subject of expert testimony, especially when the writing itself is available.

FED. R. EVID. 401, 402, 702, 703, 1001-1004.

17. Lehman Decl., ¶ 3

<u>Irrelevant, lacks foundation.</u> Naval architect and engineering education and experience does not qualify the affiant to testify as an expert on industrial hygiene

issues such as asbestos hazards or the U.S. Navy's knowledge about and protocol regarding safety standards and requirements regarding warnings of health hazards aboard Naval vessels. Furthermore, testimony about the design, manufacture, and use of equipment does not tend to prove or disprove issues determinative to whether this Court has subject matter jurisdiction—*i.e.*, whether Viad offered the same asbestos-containing products commercially or whether Viad's duty to warn under state law substantially conflicts with U.S. Navy mandates regarding warnings.

FED. R. EVID. 401, 402, 702, 703.

18. Lehman Decl., ¶ 5.

<u>Irrelevant.</u> Even if true and well founded, these statements regarding the Navy's system of ship design and equipment installation do not tend to prove or disprove any facts determinative of the issue of whether this Court has subject matter jurisdiction here, where plaintiffs' only claims against defendant are for injuries arising out of defendant's failure to warn.

FED. R. EVID. 401, 402.

19. Lehman Decl., ¶ 6.

<u>Hearsay within hearsay; lacks foundation.</u> Also irrelevant to the issues determinative of whether this Court possesses subject matter jurisdiction over this failure-to-warn action.

FED. R. EVID. 401, 402, 602, 802 & 805.

20. Lehman Decl., ¶ 7.

<u>Irrelevant, lacks foundation.</u> Even if true and well founded, these statements regarding the military specifications for installation of equipment and the reason for these specifications do not tend to prove or disprove any facts determinative of the issue of

whether this Court has subject matter jurisdiction here, where plaintiffs' only claims against defendant are for injuries arising out of defendant's failure to warn. Furthermore, affiant's naval architecture and engineering experience does not qualify him as an expert on the broad range of subjects that he testifies about in this paragraph.

FED. R. EVID. 401, 402.

21. Lehman Decl., ¶ 8.

<u>Irrelevant, lacks foundation.</u> Affiant's testimony that the Navy controlled decisions with respect to equipment and "instructions and warnings on every piece of equipment" is irrelevant absent evidence that the Navy's decision with regard to warnings about health hazards such as asbestos was to prohibit all such warnings. No such evidence exists. In fact, the undisputed evidence shows that, to the contrary, the Navy required that warnings be included in instruction manuals. See Ex. I to Plaintiffs' Motion and Ex. 3 to Plaintiffs' Reply. Furthermore, affiant lacks foundation to testify about the Navy's "control over every aspect of each piece of equipment" in the 1940s, 1950s "and afterward."

FED. R. EVID. 401, 402, 602, 702, 703.

22. Lehman Decl., ¶ 9.

<u>Irrelevant, lacks foundation, hearsay, not properly the subject of expert testimony.</u> Even if true and well founded, statements that military specifications governed written materials, operating manuals, and safety or hazard information are irrelevant to the issue of whether Viad can assert the government contractor defense in the absence of evidence that the applicable specifications prohibited warnings. No such evidence is presented.

PLAINTIFFS' OBJECTIONS TO EVIDENCE OFFERED BY VIAD CORPORATION

PAGE 12

S:\Clients\Plaintiffs\R\Redman, Ronald 10267\Fed Court Action\VIAD remand motion - evid objections.doc

1     Furthermore, affiant's naval architecture and engineering experience does not qualify him as an expert on industrial hygiene issues, safety and hazard information and procedure, or labeling content on products sold to the U.S. Navy. To the extent affiant purports to recount the content of particular specifications, this testimony is not properly the subject of expert opinion but rather is improper hearsay regarding the truth of the contents of documents, which must be proven by introduction into evidence of the writings themselves unless those writings are unavailable.

FED. R. EVID. 401, 402, 602, 702, 703, 802, 1001-1004.

23. Lehman Decl., ¶ 10.

<u>Irrelevant, lacks foundation, hearsay, not properly the subject of expert testimony.</u> Expertise or evidence about the installation of insulation on equipment has no bearing on the matters at issue here—namely, whether Viad sold the same products commercially and whether Viad's duty to warn under state law substantially conflicts with U.S. Navy requirements regarding warnings of safety hazards. Furthermore, affiant's testimony about the contents of U.S. Navy specifications is hearsay.

    In addition, evidence of the content of a writing must be proven by the writing itself and not by testimony describing the content of the writing.

Furthermore, as a naval architect and engineering expert with experience in the design and installation of equipment aboard vessels, affiant lacks foundation for the opinion that the Navy was aware of health hazards in the 1940s and did not provide warnings (page 5, lines 21-24).

FED. R. EVID. 401, 402, 602, 702, 703, 802, 1001-1004.

24. Lehman Decl., ¶¶ 11-12.

<u>Irrelevant, lacks foundation, hearsay, not properly the subject of expert testimony.</u>

Even if true and well founded, evidence that a manufacturer/supplier could not provide warnings "on or to accompany equipment supplied to the Navy *without the consent and approval of the Navy*" does not establish a significant conflict between federal interest and state law regarding warnings where, as here, there is no evidence that the Navy did or would withhold its consent and approval. (Italics added.) On the contrary, the undisputed evidence shows that the U.S. Navy did consent to and approve of warnings in instruction and operating manuals. (Ex. I to Plaintiffs' Motion and Ex. 3 to Plaintiffs' Reply.)

Furthermore, affiant lacks the education, experience, or specialized knowledge or skill to testify as an expert on industrial hygiene issues, including safety and cautionary instruction protocol; the asbestos hazards aboard ships and the Navy's capability to meet or comply with recommendations pertaining to those health hazards; "potential warnings associated with asbestos;" nor the manufacturer/supplier's knowledge of asbestos hazards associated with its asbestos-containing products.

To the extent affiant recounts the content of Navy specifications regarding instructions, warnings, or other recommendations, the testimony is hearsay; defendant must introduce evidence of the writing by the writing itself.

FED. R. EVID. 401, 402, 602, 702, 703, 802, 1001-1004.

25. Lehman Decl., ¶ 13(a)-(g).

<u>Irrelevant, speculative/lacks foundation.</u>  Affiant's experience as a naval architect and engineer does not qualify him as an expert on the broad range of subjects he attests to in this paragraph, including industrial hygiene, occupational medicine, safety programs including the Navy's asbestos hazard communication program, asbestos hazards generally, product labeling, what manufacturers of equipment "could ... have told personnel" with regard to their equipment, or what "would ... have resulted" if each equipment manufacturer "provided its own warning about asbestos insulation that

might be used on or around its product." Furthermore, statements forecasting problems that may have arisen if manufacturers including defendant had warned about the health hazards associated with their asbestos products are not only speculative but irrelevant in the absence of evidence that the Navy prohibited warnings.

FED. R. EVID. 401, 402, 602, 702, 703.

26. Lehman Decl., ¶ 14.

<u>Irrelevant, lacks foundation.</u>

Even if true and well founded, evidence that a manufacturer/supplier could not "gratuitously" provide comment or place warnings on products "without specific authority by way of an order or regulation" does not establish a significant conflict between federal interest and state law regarding warnings where, as here, the undisputed evidence shows that the Navy required manufacturers to warn in their instructional manuals of the health hazards posed by their products during routine use or maintenance. (Ex. I to Plaintiffs' Motion and Ex. 3 to Plaintiffs' Reply.)

Furthermore, affiant lacks the education, experience, or specialized knowledge or skill to testify as an expert on state-of-the-art issues regarding what was known or knowable about asbestos hazards among manufacturers of asbestos-containing products at various points in time. His conclusion that the Navy's knowledge was superior is therefore unfounded.

To the extent affiant attests to the contents of Navy specifications regarding instructions, warnings, asbestos, etc., the testimony is hearsay. The contents of documents are not properly the subject of opinion testimony but rather are facts that must be proven by introduction into evidence of the authenticated documents themselves, unless such writings are unavailable.

FED. R. EVID. 401, 402, 602, 702, 703, 802, 1001-1004.

**Exhibits to the Affidavit of Rear Admiral (USN, Ret.) Ben J. Lehman**

27. Affidavit of David P. Sargent, Jr., attached as Ex. 2 to Lehman Decl.

<u>Irrelevant hearsay within hearsay, lacks foundation, not the type of matter reasonably relied on by an expert in the field.</u>  Expertise or evidence about methods and materials involved in the design and installation of equipment aboard Navy vessels has no bearing on the matters at issue here—namely, whether Viad sold the same products commercially and whether Viad's duty to warn under state law substantially conflicts with U.S. Navy requirements regarding warnings of safety hazards.  To the extent this declaration discusses equipment design and manufacture requirements, it is irrelevant and not matter that could properly form the basis of an expert opinion about the relevant issues here.  Affiant is not an expert on safety hazards, Navy protocol regarding communication of safety hazards, nor state-of-the-art of industrial hygiene knowledge and particularly with regard to asbestos hazards.  Furthermore, affiant's testimony about the contents of U.S. Navy specifications and instruction manuals is hearsay testimony about the content of a writing that (1) is not subject matter about which expert opinion is necessary or proper, and (2) must be proven by the writing itself and not by testimony describing the content of the writing.  Admiral Lehman's reliance on this declaration as a basis for conclusions about the U.S. Navy's occupational health program, that the U.S. Navy prohibited warnings, or that warnings about asbestos hazards would have interfered with the abilities of sailors to perform their duties (see Lehman Decl. at ¶¶11-14) is improper because Sargent lacks foundation to provide opinion on these subjects, and his declaration on these subjects is not the type of reliable matter than may form the basis for expert opinion.

FED. R. EVID. 401, 402, 602, 702, 703, 802, 805, 1001-1004.

///

///

28. Affidavit of Martin K. Kraft, attached as Ex. 3 to the Lehman Decl.

<u>Irrelevant, hearsay within hearsay, lacks foundation, not the type of matter reasonably relied on by an expert in the field.</u> Expertise or evidence about methods and materials involved in the design and installation of equipment aboard Navy vessels, and particularly about Buffalo Pumps equipment, has no bearing on the matters at issue here, where the sole issue regarding liability is Viad's duty to warn and whether its duty under state law substantially conflicts with U.S. Navy requirements regarding warnings of safety hazards. Similarly, evidence that equipment designed and supplied to the U.S. Navy "usually was not 'off the shelf' product" is irrelevant here, where the evidence shows that the particular product at issue was in fact a product sold commercially as well as to the U.S. Navy. (See Ex. 1 to Rosenthal Decl. filed in support of Plaintiffs' Reply, at 12:6-13:22.) And evidence that the Navy required Navy approval of language regarding warnings and cautions is irrelevant because the issue here is not whether manufacturers were free to include whatever warnings they desired, but whether the Navy's requirements substantially conflicted with state tort law requirements regarding warnings. The undisputed evidence presently before this Court shows that the Navy did require warnings in its instructional manuals that were in content and form substantially similar to the warnings required by state tort law. (Ex. I to Plaintiffs' Motion and Ex. 3 to Plaintiffs' Reply.)

Admiral Lehman's reliance on this declaration as a basis for conclusions about the U.S. Navy's occupational health program, that the U.S. Navy prohibited warnings, or that warnings about asbestos hazards would have interfered with the abilities of sailors to perform their duties (see Lehman Decl. at ¶¶11-14) is improper because Sargent lacks foundation to provide opinion on these subjects, and his declaration on these subjects is not the type of reliable matter than may form the basis for expert opinion.

FED. R. EVID. 401, 402, 602, 702, 703, 802, 805, 1001-1004.

29. Affidavit of Samuel A. Forman, M.D., attached as Ex. 6 to the Lehman Decl. <u>Irrelevant, lacks foundation</u>. This affidavit is not reliable matter for Adm. Lehman's opinion that "the state of knowledge of the United States Navy regarding hazards of asbestos was quite complete when compared to available knowledge at the time of World War II [...,] that the United States Navy was a leader in the field of occupational medicine relating to, among other things, asbestos exposure.... [and that t]here was no information concerning any asbestos hazard or danger posed by any asbestos-containing product applied to any equipment on a United States Navy ship known to a manufacturer of equipment that was not previously known to the United States and the United States Navy." (See Lehman Decl., ¶¶ 13 & 14, at 9:1-19 & 10:14-16.) These sweeping assertions simply are not supported by the Forman Affidavit; neither Dr. Forman nor Adm. Lehman possesses the requisite knowledge to opine regarding what information was and was not available to private industry. This issue also is irrelevant because even if true and admissible, this information would support the third prong of *Boyle*. But there is no evidence in the record to show that Viad is entitled to assert the government contractor defense at all. Moreover, the undisputed evidence shows that Viad did not conform to reasonably precise specifications from the U.S. Navy regarding warnings about safety hazards including asbestos. Since Viad cannot get past the second prong of *Boyle*, evidence pertaining to the third prong of *Boyle* is irrelevant.

FED. R. EVID. 401, 402, 602, 702, 703.

Plaintiffs respectfully move this Court to sustain the above objections and to strike the evidence referred to above from the record.

DATED: August 12, 2008                    PAUL & HANLEY LLP

By: /s/ Deborah R. Rosenthal
Deborah R. Rosenthal
Attorneys for Plaintiffs