ROBERT S. KRAFT, ESQ. (SBN 57517)
BASSI, MARTINI, EDLIN & BLUM LLP
351 California Street, Suite 200
San Francisco, CA 94104
Telephone:  (415) 397-9006
Facsimile:  (415) 397-1339

Attorneys for Defendant
HOPEMAN BROTHERS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

| | |
|---|---|
| JERI REDMAN, individually and as successor-in-interest to RONALD REDMAN, deceased, and JERI REDMAN, AMY REDMAN, DAVID C. REDMAN, MARK REDMAN and PAUL REDMAN, as legal heirs of RONALD REDMAN, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | Case No. 08-CV-03013-BZ<br><br>**DEFENDANT HOPEMAN BROTHERS, INC'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM-ASBESTOS** |

Defendant HOPEMAN BROTHERS, INC. ("HOPEMAN") hereby answers the Complaint for Survival/Wrongful Death and Loss of Consortium - Asbestos of Plaintiffs JERI REDMAN, as Wrongful Death Heir, and as Successor-in-Interest to RONALD REDMAN, Deceased, AMY REDMAN, DAVID C. REDMAN, MARK REDMAN, and PAUL REDMAN, as Legal Heirs of RONALD REDMAN, Deceased (collectively as "PLAINTIFFS").

1       With regards to paragraphs 1-8, HOPEMAN is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies all allegations contained in the paragraphs.

2.      With regards to paragraph 9, PLAINTIFFS improperly refer to a document outside the complaint (The Paul & Hanley, Master Complaint-Asbestos) such that the allegations

50539

1

are uncertain and cannot be ascertained from the four corners of the complaint. On that basis, HOPEMAN denies all allegations contained in the paragraph.

## SIXTEENTH CAUSE OF ACTION

### (Loss of Consortium)

3. With regards to paragraph 9, PLAINTIFFS improperly refer to a document outside the complaint (The Paul & Hanley, Master Complaint-Asbestos) such that the allegations are uncertain and cannot be ascertained from the four corners of the complaint. On that basis, HOPEMAN denies all allegations contained in the paragraph.

## SEVENTEENTH CAUSE OF ACTION

### (Negligence-Survival)

4. With regards to paragraph 9, PLAINTIFFS improperly refer to a document outside the complaint (The Paul & Hanley, Master Complaint-Asbestos) such that the allegations are uncertain and cannot be ascertained from the four corners of the complaint. On that basis, HOPEMAN denies all allegations contained in the paragraph.

## EIGHTEENTH CAUSE OF ACTION

### (Strict Liability- Survival)

5. With regards to paragraph 9, PLAINTIFFS improperly refer to a document outside the complaint (The Paul & Hanley, Master Complaint-Asbestos) such that the allegations are uncertain and cannot be ascertained from the four corners of the complaint. On that basis, HOPEMAN denies all allegations contained in the paragraph.

## NINETEENTH CAUSE OF ACTION

### (False Representation Under Restatement of Torts Sections 402-B-Survival)

6. With regards to paragraph 9, PLAINTIFFS improperly refer to a document outside the complaint (The Paul & Hanley, Master Complaint-Asbestos) such that the allegations are uncertain and cannot be ascertained from the four corners of the complaint. On that basis, HOPEMAN denies all allegations contained in the paragraph.

//
//

50539

2

DEFENDANT HOPEMAN BROTHERS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM-ASBESTOS; CASE NO. 08-CV-03013-BZ

## TWENTIETH CAUSE OF ACTION

### (Survival-Intentional Tort)

7. With regards to paragraph 9, PLAINTIFFS improperly refer to a document outside the complaint (The Paul & Hanley, Master Complaint-Asbestos) such that the allegations are uncertain and cannot be ascertained from the four corners of the complaint. On that basis, HOPEMAN denies all allegations contained in the paragraph.

## TWENTY-FIRST CAUSE OF ACTION

### (Negligence- Wrongful Death)

8. With regards to paragraph 9, PLAINTIFFS improperly refer to a document outside the complaint (The Paul & Hanley, Master Complaint-Asbestos) such that the allegations are uncertain and cannot be ascertained from the four corners of the complaint. On that basis, HOPEMAN denies all allegations contained in the paragraph.

## TWENTY-SECOND CAUSE OF ACTION

### (Strict Liability- Wrongful Death)

9. With regards to paragraph 9, PLAINTIFFS improperly refer to a document outside the complaint (The Paul & Hanley, Master Complaint-Asbestos) such that the allegations are uncertain and cannot be ascertained from the four corners of the complaint. On that basis, HOPEMAN denies all allegations contained in the paragraph.

## TWENTY-THIRD CAUSE OF ACTION

### (Premises Owner-Contractor Liability

10. With regards to paragraph 10, HOPEMAN incorporates by reference its responses to the allegations of the Sixteenth Cause of Action.

11. With regards to paragraph 11, HOPEMAN denies those allegations pertaining specifically to HOPEMAN.

//
//
//
//
50539

3

DEFENDANT HOPEMAN BROTHERS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM-ASBESTOS; CASE NO. 08-CV-03013-BZ

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against HOPEMAN.

### SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that Plaintiffs have failed to join all persons and parties needed for a just adjudication of this action.

### THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that Plaintiffs' claims are barred by laches, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that this Court does not have subject matter jurisdiction over this action or alternatively that the Court lacks jurisdiction due to insufficiency of process or the service thereof and/or improper venue.

### FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that Plaintiffs have failed to commence this action within the time required by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that Plaintiffs' damages, if any, were proximately caused, in whole or in part, by Plaintiffs' and/or Decedents' own fault and negligence in failing to exercise reasonable care for their own safety. Plaintiffs' recovery from HOPEMAN, if any, should therefore be reduced proportionate to such comparative fault.

//

50539

4

DEFENDANT HOPEMAN BROTHERS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM-ASBESTOS; CASE NO. 08-CV-03013-BZ

**SEVENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that Plaintiffs failed to mitigate their alleged damages, if any there were.

**EIGHTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that if Plaintiffs and/or Decedents were injured in connection with products used or installed at HOPEMAN's premises, which is denied, such injury occurred after the expiration of the useful safe life of such products.

**NINTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that if Plaintiffs suffered any damages, which is denied, such damages were the sole and proximate result of an unavoidable accident.

**TENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that if Plaintiffs suffered any damages, which are denied, such damages were caused and/or contributed to by Plaintiffs' and/or Decedents' misuse of the product or products and Plaintiffs' recovery should be barred or reduced accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that if Plaintiffs suffered any damages, which are denied, such damages were solely and proximately caused and/or contributed to by the negligence of third persons or entities over whom or which HOEPMAN had no control or supervision.

**TWELFTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that this action is barred by the exclusivity provisions of the workers compensation statutes.

//
//

50539

5

DEFENDANT HOPEMAN BROTHERS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM-ASBESTOS; CASE NO. 08-CV-03013-BZ

### THIRTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that Plaintiffs and/or Decedents did not reasonably rely on any representation, disclaimer, warranty or other act or omission of HOPEMAN.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, to the extent the Complaint alleges that HOPEMAN has "market share" liability or "enterprise liability," the complaint fails to state facts sufficient to constitute a cause of action against HOPEMAN.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that if Plaintiffs and/or Decedents suffered any injuries or damages, which are denied, the risk of any such injuries or damages was not foreseeable to HOPEMAN. HOPEMAN at all times material hereto acted in accordance with the state of scientific knowledge available to installers and/or users of asbestos-containing products.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that it received no notice of any dangerous, hazardous or defective condition or any breach of warranty, either expressed or implied.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that at all times relevant to the matters alleged in Plaintiffs' complaint, Plaintiffs' and/or Decedents' employers were sophisticated users of asbestos-containing products and said employers' negligence in providing said products to its employees was a superseding and/or intervening cause of Plaintiff's injuries, if any there were.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that there was no concert of action among HOPEMAN and other defendants

50539

6

DEFENDANT HOPEMAN BROTHERS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM-ASBESTOS; CASE NO. 08-CV-03013-BZ

to this action and that any alleged liability or responsibility of HOPEMAN, which is denied, is minimal in proportion to the alleged liability and responsibility of other persons and entities including the other defendants herein. Plaintiffs should therefore be limited to seeking recovery from HOPEMAN for the proportion of alleged injuries and damages for which HOPEMAN is allegedly liable or responsible, all such alleged liability and responsibility being denied.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that all creditors of HOPEMAN are permanently enjoined from instituting or continuing in any action or employing any process to collect any debt that arose before the entry of the Order Confirming the Second Amended Joint Plan of Reorganization, As Modified, as a personal liability of HOPEMAN, except pursuant to, and as specifically prescribed by, the Plan.

### TWENTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that it is entitled to set-off any settlements, judgments, or similar amounts received by Plaintiff, against any judgment rendered against it in a Plaintiff's favor herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Plaintiffs' averments of fraud are not stated with sufficient particularity and are barred by Federal Rules of Civil Procedure Rule 9.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that the damages and injuries, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault or other acts and/or omissions of persons or entities other than HOPEMAN, for which HOPEMAN is not responsible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, HOPEMAN alleges that neither the complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiff to an award of punitive damages against HOPEMAN.

50539

7

DEFENDANT HOPEMAN BROTHERS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM-ASBESTOS; CASE NO. 08-CV-03013-BZ

or deemed filed under section 501 of the Code, such Claim is allowed under section 502 of the Code, or holder of such Claim has accepted the Plan.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendant HOPEMAN alleges that any asbestos-containing product or products alleged to have caused Plaintiffs' injuries were manufactured, used, installed and/or distributed in mandatory compliance with specifications promulgated by the United States government under its war powers, as set forth in the U.S. Constitution, and that any recovery by Plaintiffs is barred as a consequence of the exercise of those sovereign powers.

### PRAYER

WHEREFORE, HOPEMAN prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their complaint herein;
2. That judgment be entered in favor of HOPEMAN;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Date: August 14, 2008

BASSI, MARTINI, EDLIN & BLUM LLP

By: /s/ ROBERT S. KRAFT
Attorneys for Defendant
HOPEMAN BROTHERS, INC.

50539

9

DEFENDANT HOPEMAN BROTHERS INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM-ASBESTOS; CASE NO. 08-CV-03013-BZ

Re: **JERI REDMAN, individually and as successor-in-interest to RONALD REDMAN, deceased, and JERI REDMAN, AMY REDMAN, DAVID C. REDMAN, MARK REDMAN and PAUL REDMAN, as legal heirs of RONALD REDMAN, deceased v. A.W. CHESTERTON COMPANY, et al.**
Northern District of California – San Francisco: 08-CV-03013-BZ

## PROOF OF SERVICE – CCP §1013(a)(3)

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, MARTINI, EDLIN & BLUM LLP, 351 California Street, Suite 200, San Francisco, California 94104.

On the date set forth below, I served the within:

**DEFENDANT HOPEMAN BROTHERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL/WRONGFUL DEATH AND LOSS OF CONSORTIUM - ASBESTOS**

on the following parties:

Dean Hanley, Esq.
Paul, Hanley & Harley LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:    (510) 559-9980

\_\_\_\_\_  **BY PERSONAL SERVICE**: I caused a copy of said documents to be hand delivered to the interested party at the address set forth above.

__X__  **BY MAIL**: I caused such envelope to be deposited in the mail at San Francisco, California. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

\_\_\_\_\_  **BY FEDERAL EXPRESS**: I caused such envelope to be deposited in the appropriate Federal Express envelope, to the Federal Express office located at 120 Bush Street, San Francisco, California 94104, to be delivered by the next business day. I am readily familiar with the firm's practice for collection and processing of correspondence for transmittal by Federal Express. It is deposited with Federal Express on that same day in the ordinary course of business.

\_\_\_\_\_  **BY FACSIMILE**: I caused said documents to be sent via facsimile to the interested party at the facsimile number set forth below.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on August 14, 2008, at San Francisco, California.

_____
ALISHA C. PEMBER

50646

1