1  WHITNEY A. DAVIS, SBN 149523
   MARIA S. ROSENFELD, SBN 186116
2  CHARTER DAVIS, LLP
   1730 I Street, Ste. 240
3  Sacramento, CA  95814
   (916) 448-9000
4  (916) 448-9009

5  Attorneys for Defendant VIAD CORP,
   individually and as alleged successor-in-interest to
6  GRISCOM-RUSSELL COMPANY and alleged
   successor-in-interest to DIAL CORPORATION
7

8

9
                    UNITED STATES DISTRICT COURT
10
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                       SAN FRANCISCO DIVISION
12

13

   JERI REDMAN, individually and as            ) Case No. 08-CV-03013-JSW
14 successor-in-interest to RONALD REDMAN,     )
   deceased; and JERI REDMAN, AMY              )
15 REDMAN, DAVID C. REDMAN, MARK               ) **SUPPLEMENTAL OPPOSITION ON**
16 REDMAN and PAUL REDMAN, as legal            ) **BEHALF OF VIAD CORP TO**
   heirs of RONALD REDMAN, deceased,           ) **PLAINTIFFS' MOTION FOR REMAND**
17                                             )
                                               )
18              Plaintiffs,                    )
                                               ) **Date:  September 5, 2008**
19         v.                                  ) **Time:  9:00 a.m.**
                                               ) **Courtroom: 2, 17th Floor**
20 A.W. CHESTERTON COMPANY et. al.             )
                                               )
21              Defendants.                    ) Hon. Jeffrey S. White
                                               )
22 _____ )

23

24

25

26

27

28

# I.
# INTRODUCTION

Defendant submits this supplemental opposition for the Court's consideration.

Viad Corp removes this matter to federal court in line with important interests which have long been recognized by Congress and the United States Supreme Court. To that end, both Congress and the United States Supreme Court have **mandated** that this Court interpret section 1442(a)(1) broadly in favor of removal. (*Durham v. Lockheed Martin Corp*, 445 F.3d 1252 at 1252-1253; *Ballenger v. Agco Corp*, 2007 U.S. Dist. Lexis 47042 at *6 (emphasis added).)

Removal is absolute for conduct performed under color of federal office. (*Durham*, 445 F.3d at 1252.) In determining what constitutes "colorable" Courts affirm that whether or not a defendant's claimed defense is meritorious is "***beside the point.***" (*Akin v. Big Three Indus.*, 851 F.Supp. 819, 823 (E.D. Tex. 1994) emphasis added.) A colorable federal defense need only be ***plausible and not completely frivolous***. (*U.S. v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001); *Williams v. Brantley*, 492 F.Supp. 925, 927-28 (W.D.N.Y. 1980) (test is met "unless the substantive defense is... completely frivolous.") Viad has clearly demonstrated a colorable federal defense.

Plaintiffs seek to thwart federal jurisdiction. However, the salient facts and the law (both of which plaintiffs go to great lengths to obscure and bury in their moving papers and reply) make clear that this case is precisely the same as the ***eight*** other recent cases, several in California, in which the federal courts have uniformly accepted the declarations of Admiral Lehman and Dr. Cushing and rejected attempts by plaintiffs to circumvent the removal process by imposing heightened burdens not sanctioned by federal procedure at the removal stage.[1]

---

[1] See *Reaser v. Allis Chalmers Corporation Product Liability Trust et. al.* 2:08-cv-01296-SVW-SS (C.D. Cal. June 23, 2008) [a copy of this slip opinion is attached as Exhibit 4 to the declaration of Whitney A. Davis supporting Viad's initial opposition papers]; *Oberstar v. CBS Corp.*, 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008); *Wright v. A.W. Chesterton Company, Inc.*, No. C07-05403, 2008 WL 512728 (N.D. Cal. Feb. 25, 2008); *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 2007 ; *Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266 (S.D. Fla. 2008) ; *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001 (N.D. Ill. 2007) ; (*Nesbiet v. General Electric*, 399 F. Supp. 2d at 210-11, (2005); *Ferguson v. Lorrilard Tobacco Inc.*, 475 F. Supp. 2d 725, (2007) [cases all finding Admiral Lehman's and Dr. Cushing's similar declarations both relevant and credible, and in fact enough to deny the motion for remand in each case. ]

1
SUPPLEMENTAL OPPOSITION BY VIAD CORP TO PLAINTIFFS' MOTION FOR REMAND
CASE NO. 08-CV-03013-JSW

Because Griscom-Russell manufactured its shipboard distillers pursuant to the strict military specifications of the United States Navy, and acted as a federal agent in doing so, Viad's removal of this matter pursuant to 28 U.S.C. § 1442(a)(1) was proper. Further, the exercise of jurisdiction by this Court neither deprives the plaintiffs relief for the injuries claimed, nor deprives plaintiffs of any substantive rights.

Lastly, plaintiffs fail to address fatal flaws in their moving papers. Several of the ships plaintiffs claim Mr. Redman worked upon were either scuttled or sold to other governments by the time Mr. Redman supposedly worked on them. Notwithstanding, plaintiffs ignore entirely in their reply brief the reality that the factual backdrop of their naval vessel based claims against Viad has been **proven false**. Plaintiffs' challenge to federal jurisdiction on a claim based in large part upon false interrogatory statements (statements which act as the predicate for liability against Viad) must be rejected.

## II.
## LEGAL ANALYSIS

### A. PLAINTIFFS SEEK TO IMPOSE A "MINI TRIAL" COMPLETE WITH HEIGHTENED BURDENS ON DEFENDANT VIAD CORP WHICH BURDENS ARE NOT AUTHORIZED BY LAW AT THE REMOVAL STAGE

In the absence of any legitimate argument to counter the detailed declarations of Admiral Lehman and Dr. Cushing, plaintiffs instead contend that remand is necessary because the declarations do not constitute legitimate evidence.

Again, plaintiffs miss the point. The law does not require Viad to produce any further documentation to justify application of the federal officer defense. Upon motion for remand, the court must only determine whether there is a colorable federal defense which Viad is entitled to litigate in federal court. The present motion does not constitute a "mini trial" held without the benefit of written and oral discovery. Viad has an absolute right to litigate the merits of that defense in federal court where as here the evidence shows it acted under color of a federal officer and has alleged a colorable federal defense. (See, e.g., *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006);; In determining what constitutes "colorable" Courts affirm that whether or not a defendant's claimed defense is meritorious is "beside the point." (*Akin v. Big*

*Three Indus.*, 851 F.Supp. 819, 823 (E.D. Tex. 1994) Indeed, to satisfy the colorability standard, a federal defense need only be plausible and not completely frivolous. (*U.S. v. Todd*, 245 F.3d 691,693 (8th Cir. 2001); *Williams v. Brantley*, 492 F.Supp. 925,927-28 (W.D.N.Y. 1980) (test is met "unless the substantive defense is... completely frivolous".)

In terms of establishing a colorable defense, Viad relies upon the competent and admissible declarations by Admiral Ben J. Lehman, U.S. Navy, Ret., and Charles R. Cushing.

### 1. Admiral Lehman and Dr. Cushing Declarations

Admiral Lehman is a retired Rear Admiral of the United States Navy, serving on active duty, in part, as Ship Superintendent and Dry Docking Officer at the Brooklyn Navy Yard between 1942 and 1944, and as a Ship Superintendent at the San Francisco Naval Shipyard from 1950 to 1952, among other experience set out in detail in his Declaration and attached Curriculum Vitae supporting Viad's initial opposition papers. (Lehman Decl., ¶¶ 1, 4). Although plaintiffs are quick to downplay his qualifications, the reality is, over his years of experience, training, and education, Admiral Lehman is familiar with the plans, designs and specifications used in the construction and repair of Navy ships. He also has personal knowledge regarding Navy equipment manuals and regulations governing the warnings permitted by the Navy. (Lehman Decl., ¶ 2.)

Plaintiffs' central contention is that there is no evidence that suppliers were prohibited from providing any warnings on equipment. Not so. Admiral Lehman states in his Declaration that "equipment suppliers were prohibited from providing any warnings to be placed on or to accompany equipment supplied to the Navy without the consent and approval of the Navy." (Lehman Decl., ¶ 11). He goes on to explain that certain warnings, including potential warnings and recommendations regarding asbestos, would not have been approved by the Navy "due to the inability to effectively and comprehensively observe, implement, and comply with such recommendations under the multitude of varying conditions likely to be encountered by Navy ships at sea, and especially at war." (*Id.*)

Admiral Lehman is able to generally illustrate how the Navy operated in practice, and how specifications were actually implemented. Viad has also submitted the Declaration of Dr. Charles R. Cushing in opposition to Plaintiffs' remand motion. Based on his review and his

knowledge, experience, and familiarity with the contracting practices and requirements of the Navy in constructing vessels, Dr. Cushing concludes that any Griscom Russell Company equipment on Navy vessels was designed and built to meet precise and exacting specifications of the U.S. Navy. (Cushing Decl., ¶¶ 11- 12). According to those specifications, the equipment would have been manufactured without any insulation and shipped to the shipyards without insulation. The equipment would have been totally insulated at the shipyard, or after installation on the vessels, by others using insulation purchased from others. (Cushing Decl., ¶ 13). According to Navy specifications, Griscom Russell would not have been able to affix any warnings or cautionary statements on its products. (Cushing Decl., ¶ 11). Instead, this was determined solely by the U.S. Navy. (Cushing Decl., ¶ 11). Dr. Cushing likewise concurs with Admiral Lehman regarding the proposition that Griscom-Russell had no discretion to deviate from the Navy's precise specifications for those manuals. (Cushing Decl., ¶¶ 11-12).

Courts throughout the United States have accepted Admiral Lehman's and Dr. Cushing's sworn statements as credible and admissible evidence, entitling the removing defendants in those cases to litigate their military contractor defenses in federal court. (See *Reaser v. Allis Chalmers Corporation Product Liability Trust et. al.* 2:08-cv-01296-SVW-SS (C.D. Cal. June 23, 2008) where the court found that both Admiral Lehman's and Dr. Cushing's declaration were based on their "independent knowledge and familiarity regarding Navy specifications" and held that the declarations "provide[d] Defendants with a basis for asserting a colorable federal defense."( *Id.*) Other such cases include *Oberstar v. CBS Corp.*, 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008) (finding Lehman declaration sufficient to establish first two prongs of federal officer defense; i.e. that the Navy approved reasonably precise specifications regarding asbestos warnings and that Griscom-Russell's equipment conformed to those specifications); See also *Wright v. A.W. Chesterton Company, Inc.,* No. C07-05403, 2008 WL 512728 (N.D. Cal. Feb. 25, 2008) another case where the plaintiff alleged he was injured by exposure to asbestos from equipment on Navy vessels, in which the court concluded there was "sufficient evidence in the record to raise a colorable government contractor defense," based on evidence that included a declaration of Admiral Lehman stating the Navy would not permit the defendant to put any type of warning on equipment installed on a Navy vessel beyond warnings required by the Navy. *Id.*

at *5-6 (denying plaintiff's motion to remand based on the declarations of Admiral Lehman and others in light of the "clear language" in *Durham* requiring the court to interpret the federal officer removal statute in favor of removal); See also *Machnik v. Buffalo Pumps*, 506 F. Supp. 2d 99 (2007) (finding defendant sufficiently established colorable defense based on Lehman affidavit); *Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266 (S.D. Fla. 2008) (denying remand motion on ground that affidavits of Admiral Lehman and Admiral Horne were sufficient to show colorable defense); *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001 (N.D. Ill. 2007) (denying remand motion on ground that Lehman and Cushing affidavits were sufficient for removal); *Nesbiet v. General Electric*, 399 F. Supp. 2d at 210-11 (finding Admiral Lehman's affidavit raised an "inference that [defendant] did not provide a warning concerning the dangers of asbestos because the Navy did not permit any such warning"); *Ferguson v. Lorrilard Tobacco Inc.*, 475 F. Supp. 2d 725 (finding Admiral Lehman's and Dr. Cushing's general backgrounds and experience sufficient to support their affidavits and, on that basis, overruling remand motion.)

Plaintiffs provide no justification for this court to depart from the findings of the other federal courts on the competency of these witness' declarations.

### 2. For the Purposes of the Present Motion, Viad is Not Required to Establish that the Navy Prohibited Warnings in order to Assert the Military Contractor Defense

Lehman's declaration makes clear that during the 1940s and 1950s, the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation, and warnings associated with its ships and did not permit deviation by any of its contractors. (Declaration of Admiral Lehman, at ¶¶ 5-9.) The Navy specified the use and placement of insulation, including asbestos insulation, on Navy ships. Mechanical equipment for use aboard Navy ships was delivered **without insulation**. This was to prevent damage to the insulation during shipment and installation, and to allow the equipment to be effectively connected to other equipment and systems on board, which connections as well as the equipment could then be effectively insulated. If mechanical equipment was to be insulated, it was not insulated by the manufacturers, but rather by shipyard personnel. (*Id.* at ¶ 10.) Lastly, **the U.S. Navy was aware**

1 **of the dangers of asbestos by the 1940s.** Despite such knowledge, the Navy did not provide any

2 warnings. (*Id.*)

3 Under federal law, Griscom Russell had no duty to warn Mr. Redman of anything, but

4 instead, might have owed a duty to warn "the United States about the dangers in the use of the

5 equipment that were known to the supplier but not to the United States." See *Boyle*, 487 U.S. at

6 508-509. (the duty to warn under *Boyle* extends *only* to those dangers that are unknown to the

7 government-(here, as established by the Lehman and Cushing declarations, the U.S. Navy was

8 absolutely aware of the dangers of asbestos.) Any argument that Griscom Russell owes a different

9 or greater state law duty to Mr. Redman is fundamentally at odds and in conflict with Griscom

10 Russell's federally mandated duty, as defined by the *Boyle* Court, and cannot be the basis for

11 remand. (*Id.*) [2]

12 In the same vein, in *Oberstar, supra,* the Court rejected the identical argument plaintiffs

13 submit here suggesting that Viad cannot meet its burden as they lacked evidence the Navy

14 **prohibited** them from placing warnings on their products:

15 > "According to Plaintiffs, **absent evidence of specific facts that defendants were prevented from placing warnings on their products, defendants cannot meet their burden to establish the availability of the military contractor defense. Contrary to Plaintiffs' assertions, however, defendants' burden at this stage of the proceedings is not so exacting....** Although the Lehman Declaration may not establish the absence of a triable issue of fact with respect to the first two prongs of the *Boyle* test, as modified by Oliver, for a failure to warn claim, defendants need not prove so much at this preliminary stage of the proceedings....

---

[2] Similarly, plaintiff's reliance on in *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 812 (9th Cir. 1992), for the proposition that asbestos insulation is not "military" equipment as it was not manufactured with military interests in mind and/or was otherwise sold commercially, does not speak to the facts at issue. Herein, as in *Boyle v. United Tech. Corp.*, the state-imposed duty of care that is the asserted basis of the contractor's liability (specifically, the duty to equip helicopters with the sort of escape-hatch mechanism petitioner claims was necessary) was precisely contrary to the duty imposed by the Government contract (the duty to manufacture and deliver helicopters with the sort of escape-hatch mechanism shown by the specifications). (*Id.* at 509.) Likewise, unlike the common asbestos sold as a "product" as was at issue in *In re Hawaii, supra*, herein, the seawater distillers were delivered to the U.S. Navy pursuant to precise specifications. The Declarations of Admiral Lehman and Dr. Cushing support the reality that the Navy controlled the warnings for ship equipment. As Lehman and Cushing opine, any warnings offered by Griscom Russell would have been rejected. Plaintiff's attempts to downplay their credibility and/or offer corporate officer deposition excerpt snippets questioning commercial sale of the distillers (although no admissible evidence has actually been set forth by plaintiff that any distillers were commercially sold within the relevant timeframe) do not alter the import of the declarations of Lehman and Cushing on these topics for purposes of establishing a colorable defense. Again, whether or not defendant's defense is "meritorious" is a subject for another day.

6
SUPPLEMENTAL OPPOSITION BY VIAD CORP TO PLAINTIFFS' MOTION FOR REMAND
CASE NO. 08-CV-03013-JSW

> Again, to establish the propriety of their removal, defendants must only show a 'colorable' federal defense, not a winning one."

(*Id.* Oberstar, at * 10-11(emphasis added) (See also *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1004 n. 8 (7th Cir. 1996) where the Court specifically could not "accept as consistent with *Boyle* the suggestion [as plaintiff proposes herein] that there is any strict requirement that the government 'prohibit' warnings altogether or 'dictate' the contents of the warnings actually incorporated" in order for the federal contractor defense to apply."

### B. PLAINTIFFS DO NOT DISCLAIM ANY LIABILITY ON NAVAL VESSELS.

Lastly, plaintiffs' again submit that their disclaimer trumps removal. Not so. They have disclaimed nothing with regard to Viad's alleged liability concerning the vessels at issue.

Furthermore, even if a legitimate disclaimer had been offered, it remains true that subject matter jurisdiction under § 1442(a)(1) is based on a federal defense, regardless of whether plaintiffs' claim rests solely upon state law. (*Ballenger*, at 2; *Machnik*, 506 F. Supp. 2d at 103 n.1.) Several other federal courts have explicitly addressed and rejected plaintiffs' disclaimer argument. In *Oberstar*, 2008 U.S. Dist. LEXIS 14023 at 8, the court held, citing *Machnik*, that "[b]ecause removals pursuant to the federal officer removal statute are premised on the existence of a federal defense, rather than a plaintiff's artfully constructed complaint, neither Plaintiffs' disclaimer nor its characterization of their claims is determinative." See also *O'Connell v. Foster Wheeler Energy Corp*, 544 F. Supp. 2d 51 (2008) at 58 n.12; See also *Marley*, 545 F. Supp. 2d at 1274, where the court firmly rejected plaintiffs' argument that the disclaimer as circular:

> This disclaimer is circular. Its applicability depends on a determination of the core question in this case: whether the defendants' purported omission – the failure to warn – was required or caused by their contractual relationship with the Navy. If the failure to warn was required by the Navy, the disclaimer applies and the plaintiffs' claims fail as a matter of law. If the failure to warn was not required by the Navy, then the disclaimer does not apply. The problem with this argument is that the defendants have the right to have this question decided in federal court.

Similarly, here, the disclaimer is of no consequence where nothing is truly disclaimed in terms of liability stemming from naval vessels at issue.

## C. ATTORNEY'S FEES ARE UNWARRANTED HERE

Lastly, defendant makes brief mention of plaintiffs' newest claimed entitlement to fees/costs as plaintiffs' arguments are truly astounding. First, plaintiffs contend that defendant's removal notice should have been more detailed and somehow that warrants fees. Not so. A defendant's notice of removal is to be "short and concise."[3] Second, having no legitimate basis to attack defendant's arguments, plaintiffs seek fees because the "table of contents" was not quite right. It is truly difficult to decipher how inaccuracy in a table of contents "threw off" plaintiffs' counsel to such a degree. Third, plaintiffs complain that defendant Viad's inclusion of orders from the myriad of courts around the country that have decided similar remand issues in Viad's favor is somehow improper. While defendant can understand why plaintiffs' would not want to see such uniform application of the law, inclusion of these rulings is not improper, and in fact provides useful information for the Court's consideration.

Lastly, plaintiffs protest the circumstances of its extension request. Remarkably, plaintiffs fault Viad for not stipulating to extending plaintiffs' time to respond to its opposition papers[4], even though plaintiffs failed to grant defendant an extension when it explained its expert was out of the country. The reality is, Viad could not have predicted at the onset of this matter that plaintiffs' interrogatory responses were predicated on ***provably false*** statements. Indeed, Dr. Cushing's declaration, in addition to relating foundational background regarding specifications and the basis for the military contractor defense generally, ended-up proving the falsity of plaintiffs' claims, ferreting out the history of each ship allegedly implicating Viad, and illustrating to the Court that Mr. Redman could ***never have set foot*** on more than one of the ships claimed "at issue" in this litigation.

---

[3] Statutory requirements require a "short and concise" statement of removal grounds (28 U.S.C. § 1446(a).) Defendant's format, (alleging that removal is proper as Griscom Russell acted under an officer of agency of the United States government, namely the United States Navy) parallels precisely the form set forth in the federal practice guides. (See California Practice Guide, Rutter Group, *Federal Civil Procedure Before Trial*, Form 2A.)

[4] In the spirit of cooperation, defendant Viad promptly notified plaintiff that while it would not stipulate to the extension, it would not formally oppose plaintiff's procedural request, instead leaving the decision in the Court's hands (contrary to plaintiffs' actions, i.e. filing formal opposition to defendant's extension for time weeks earlier.)

What is painfully obvious by plaintiffs' pithy arguments for attorney's fees is that plaintiffs lack any legitimate basis to recoup fees. As the Court held in *Durham v. Lockheed Martin Corporation* 445 F.3d 1247, 1251 (9th Cir. 2006), attorney's fees in removal cases are not to be awarded as a matter of course, and they should NOT be awarded where the removing party has an objectively reasonable basis for removal. *Durham,* 445 F.3d at 1250. Thus, the standard for fee awards in removal cases **turns on the reasonableness of the removal**, not the pinpoint accuracy of a party's "table of contents" or the viability of an extension request (by a party who has provided provably false interrogatory statements) nor the length of a notice of removal pleading. Herein, despite plaintiffs' snippets, the *reasonableness* of Viad's removal is found in the eight other recent federal opinions on the subject.

## V.
## CONCLUSION

For all of the reasons set forth in Viad's opposition and the instant supplemental opposition, plaintiffs' motion for remand should be denied.

DATED: August 20, 2008              CHARTER DAVIS, LLP


                                    /s/ Whitney A. Davis
                                    WHITNEY A. DAVIS

CASE NAME:      Jeri Redman v. A.W. Chesterton, et al.
CASE NUMBER:    USDC Northern District of California No: 08-CV-03013-JSW

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Sacramento. I am over the age of 18 years and not a party to the within cause; my business address is 1730 I Street, Suite 240, Sacramento, California 95814.

On the date below, I served the within

**SUPPLEMENTAL OPPOSITION ON BEHALF OF VIAD CORP TO PLAINTIFF'S MOTOIN FOR REMAND**

on the parties in this cause as follows:

[X]    VIA ELECTRONIC SERVICE: Complying with General Order 45, my electronic business address is scl@charter-davis.com, and I caused such document(s) to be electronically served through the Pacer File & Serve system for the above-entitled case to the parties on the Service List maintained on Pacer File & Serve Website for this case. The file transmission was reported as complete and a copy of the Pacer File and Serve Receipt will be maintained with the original document(s) in our office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 20, 2008, at Sacramento, California.

SUSAN C. LEON